Judge Ewing
delivered the Opinion of the Court.
This writ is prosecuted to reverse a judgment of the Circuit Court, in an action of replevin.
Whitesides and Gollier entered into partnership in buying and selling hogs. Collier had possession of a *284 parcel’of the partnership hogs; and Whitesides, as partner, took them into his possession. Whereupon, Collier sued out against him, a writ of replevin, and having executed bond, as required by the statute, had the hogs delivered to him. At the trial, Whitesides avowed the partnership, and that the hogs were taken and held by him as partner, and therefore rightfully. To this avow-ery, Collier demurred, and his demurrer being overruled, he pleaded that, at the time of the taking, he held the possession and exclusive title to the property, and the same was not held in partnership with Whitesides.— Upon which plea, issue being joined, a verdict was found for the defendant; and the Court, having refused, on motion of the defendant’s counsel, to render a judgment of retorno haliendo for the property, but rendering a judgment for the costs only, Whitesides has brought the case to this Court; and the only error assigned, is the refusal of the Court to render the judgment as required.
It is well established, that one partner cannot maintain an action of trespass or replevin against his co-partner, for the partnership effects. But though such action will not lie, it is contended that, as an avowry is in the nature of an action, when the defendant avows the partnership in the goods, and that is found by the jury, that he cannot have judgment for restitution, as the plaintiff has equal title with himself, and as much right to the possession. And as replevin or trespass will not lie, by reason of the common and equal right of each partner to the property and the possession, so the avow-ry cannot be sustained, and a judgment for restitution thereon, as the plaintiff, who has possession and equal right with the defendant to the property and possession, ought not to be divested of the same.
If this position be correct, then will the law be chargeable with the glaring injustice of permitting itself to be used as the instrument to obtain the possession of property, without the ability to restore the possession, though afterwards, upon a full trial of the case, it should be made manifest that the defendant had the right to the possession, and the plaintiff had no cause of action, ' which could be sustained, and wrongfully sued out his {writ, *285 under a falsa claim of absolute right to the property. We cannot be brought to the conclusion, that the law, when properly understood, will work such manifest injustice.
When the deft in replevin avows, he becomes an actor; and (at common law) upon the truth of his avowry, will depend his right of restitution.
The avowry is in the nature of a dec’n, and of a justification also; for if the avow-ant fails to sustain his title as laid in the avow-ry , he fails in his justification, and can have no judg’t for restitution, but is liable for damages.
The deft, (it is said) may plead property in a stranger ; and if found for him , the action is defeated,&he must have judgment pro retorno.
Or he may admit that the pltf. had a right to the pos session when his writ issued, yet justify the previous caption; and then, though the pltf. will retain the goods, the deft, will be exempt from dam-
Whenever the fy the taking, establish the defendant’s right of possession, and show that the plaintiff has no exclusive right to the property — there must be judgment of restitution. And, if it appears that the defendant has a right of possession, without an exclusive title, there should be judgment for restitution of the possession, to be held according to the right.
It is admitted to be true, that both parties may become actors in replevin. The avowant, who sets up title in the goods taken, (and a consequent right to restitution,) is, as to those purposes, actor; and his avowry is in the nature of a declaration, and he must state his title correctly, and prove it as laid. For upon his title, will depend his right to restitution. But his avowry is not only in the nature of a declaration, but also, sub-serves the purpose of a justification for the taking charged in the declaration in replevin. If he fail, therefore, in making out title, he also - fails in making out grounds of justification for the taking; and not only loses the property sought to be restored, but may be subjected to damages for the wrongful taking and detention. So that his avowry subserves the double purpose of a declaration and justification for the alleged taking.
It is said that, if the defendant confess the caption, and justify by pleading property in a stranger, that his justification will not only cover him from damages, but will also entitle him to a return of the property replev-ied. As he does not admit title in the plaintiff, but dis-affirms it, and no wrong is done to him by the caption, the property ought to be restored to the defendant, from whose possession it was taken by the writ, and who ought to retain it against every one, but the stranger. 6 Law Journal, Wilkinson on Replevin, 18.
The defendant in this action may also justify the caption, by admitting property in the plaintiff, in which case, though he may be exempt from damages for the caption, the plaintiff is left in the possession of the goods, as his title is admitted to be complete. Same authority. And it is said, further, that the caption is the gist of the action.
From the foregoing views, it may be laid down that, when a defendant in replevin has made put a case that *286 justifies the taking — which is the gist of the action — and has established his right to the possession, and that he was guilty of no wrong in holding it; and the plain tiff has failed to show in himself an exclusive right to the property,'then, judgment of restitution should be rendered in favor of the defendant.
By the act of’BO, tlon'of replevin! if the pltf. fails to to^the'property replevied,the con is broken,and he and his sureties are made liable to the deft, for the value of the property, unless it be restored ; but as a judg’t for a return of the property to the deft, according to his right, would seem to be essential, to perfect the right of action upon the bond, such judgment should be render’d when ever the plaintiff fails in his proof.
*286 If the plaintiff shows a partial and undivided right to the property, not repugnant to the right of possession in the defendant, and consistent with the defendant’s partial and undivided right of property in the same goods, then, judgment of restitution should be awarded according the right of property made out, and the defendant, as to the possession, placed in statu quo.
As, therefore, in the case under consideration, the defendant, as partner, had a right to take possession of the hogs, and as partner took the possession and held it as such, and as the plaintiff had no cause of action against him for so doing, and no right to sustain one, but yet has prosecuted his action claiming the absolute and exclusive right to the property, and through the instrumentality and abuse of the process of the Court, has ousted his partner, and obtained the exclusive possession — it would seem to be just and proper, and consistent with the analogies and reason of the law that, when the issue was found against his exclusive right, and in favor of the justification of the defendant, that judgment should be rendered in favor of the defendant, for an absolute restitution of the possession, to be held by him as joint-partner with the plaintiff. By such a judgment, the right of property in the parties remains unimpaired, and the defendant is placed in statu quo, by being restored to that undivided possession, from which he has been divested by the unauthorized act of the plaintiff, under a pretended claim of absolute and exclusive right to the whole property.
We have the less doubt as to the propriety of the judgment suggested, when we take into consideration the provisions of the statute of 1830. 2 Statute Law, 1360. That statute provides that any person desiring to sue out a writ of replevin, shall first execute bond, in the clerk’s office, to the defendant, in a penalty double the *287 value of the property claimed, “conditioned to return to the defendant or defendants, the property about to be replevied, and to pay the reasonable hire thereof, and all such costs and damages as shall be awarded to the defendant or defendants, in the event such plaintiff or plaintiffs shall fail, in said action, to establish a right to the property so to be replevied.”
“ And that, in all cases embraced by this act, in which the plaintiff in replevin shall fail successfully to prosecute his action, he and his securities shall be liable, in an action on the bond, to the value of the property re-plevied, unless the properly be restored.”
Now, by the first section, the plaintiff’s bond is forfeited, by his failing in his action to establish his right to the property. By the second section, he and his sureties are mad'e liable to the defendant, for the value of the property replevied, unless the property be restored.
The plaintiff has failed in the action, to establish his right to the property as claimed, though he has established a partnership right with the defendant. But there would be no propriety in permitting the defendant to recover on the bond, the value of the property, unless the property be restored by the plaintiff, if no judgment of restitution was rendered against him. If so, he and his sureties might be made liable for the value, when he had been guilty of no violation of the judgment of the Court, or breach of its mandates. The Legislature must have contemplated a judgment of restitution, in case he failed to establish his right to the property, and a liability for the value, in case he failed, in pursuance of the judgment, to return it.
It would be highly proper, therefore, and might be- ■ come essential for the security of the defendant, that a judgment of restitution, according to his right, should be rendered in his favor. If a judgment could not be recovered on the bond, for the value of the hogs, or of his interest therein, without such judgment, then the plaintiff, who has got them in possession by the pi’ocess of the Court, may have run them off, made sale of them, and become insolvent; and left the defendant without redress. The law, when properly interpreted, will not *288 work such mischievous consequences to the rights of a defendant whose property and means of self-security has been wrested from him by the abuse of its process.
If a sheriff had levied an execution upon the undivided interest of Whitesides in the hogs, and Collier had sued out a-replevin claiming the exclusive property, and had established only a partnership interest in the same, could it be doubted that a judgment of restitution should have been awarded to the sheriff? Yet the sheriff’s right to possession could not be broader, or made to stand upon better ground, than that of Whitesides.
Upon the whole, we conclude that the Circuit Court erred, in refusing to render judgment of restitution.
Judgment reversed, and cause remanded, that a judgment retorno habendo may be rendered in favor of the defendant, as partner. And the plaintiff in error is entitled to his costs in this Court.