## HILL vs. ROBINSON.

To entitle the plaintiff to recover in an action of replevin, he must not only have title, but must also have a right to the possession at the time his action is commenced. *Britt vs. Aylett*, 6 *Eng.* 476.

Where there are several joint owners of a divisible chattel, in the possession of one, replevin will not lie by another joint owner for his share, until a division of the property.

Replevin will not lie for property legally in the possession of another, who has a lien upon it for charges, until such charges be paid; nor until after demand and refusal, or conversion.

*Quere:* Is a declaration in replevin "for fifteen hundred pounds of seed cotton," without other description, sufficient.

*Writ of Error to the Circuit Court of Sevier County.*

Hon. SHELTON WATSON, Circuit Judge.

PIKE & CUMMINS, for plaintiff in error. The defendant had a lien on the property for services, and it could not be removed until tender or payment; and, of course, replevin would not lie. *Wheeler vs. McFarland*, 10 *Wend.* 318 ; *Sharp vs. Whittenhall*, 3 *Hill* 576.

Replevin will only lie for a thing capable of clear identification, and of specific delivery. 2 *Saund. Pl. & Ev.* 760 ; 1 *Ch. Pleadings.*

Parties here were co-tenants or partners: and for this reason, replevin would not lie. *Whitesides vs. Collier*, 7 *Dana* 283.

GALLAGHER, contra. Action will lie for recovery of seed cotton already picked : it comes under the definition of goods or chattels. *Dig., ch.* 136, *sec.* 1, *Title Replevin.*

The evidence showed title in the plaintiff; and the property could be divided by weight. The testimony was sufficient for the jury to presume that Hill claimed the property of the plaintiff by virtue of the garnishment. *Prater ad. vs. Frazier*, 6 *Eng. Rep.*

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of replevin, brought by Robinson against Hill, to recover fifteen hundred pounds of seed cotton. The declaration is in the detinet, and no other description of the cotton is given, or where it was, whether in bags, a pen, or a house, or whether it was separated from, or in a pile with other cotton.

The defendant pleaded *non-detinet ;* which, under our statute, puts in issue, as well the title to the property, as the wrongful detention of it.

The jury found a verdict for the plaintiff, and after motions in arrest of judgment, and for a new trial, were made and overruled, the defendant excepted, and has brought the case here upon writ of error.

From the nature of the goods sought to be recovered, it is not to be expected, that any very definite description could be made by the pleader. "*Fifteen hundred pounds of seed cotton*" is sufficiently descriptive of the article; and, also, of the quantity, but, as the officer was required to take it into his possession, it is very doubtful whether some further identification of the particular cotton, sought to be recovered, should not have been made, such as, that it was at a certain place, in a pen, or house, or in a pile; such, at least, would seem to be the rule held in 6 *Hill's R.* 418.

But aside from all objection to the declaration, it is very clear, that in order to entitle the plaintiff to a verdict, he should show a right to the property, and to the possession of it, at the the action was commenced. *Wheeler vs. Train*, 3 *Pick.* 255 *Walcot vs. Pomroy*, 2 *Pick.* 121; *Dickson vs. Thatcher*, 14 *Ark. R.* 114.

He must not only have title, but must also have a right to the possession at the time his action is commenced. So, in the case of *Britt vs. Aylett*, 6 *Eng.* 476, this court held, that to sustain replevin, the plaintiff must be entitled to the immediate possession, and could not recover property hired, until the expiration of the term of hiring. Nor can a recovery be had by one who has a joint interest in the property with the defendant, who is in possession. *Whitesides vs. Collins*, 7 *Dana* 283, *Coke Littleton* 200. Nor where the defendant in possession has a lien upon the property, as where a warehouse-man has commissions for storage, or a mechanic for repairs. Until these be paid, not even the original owner of the property could remove them, much less one who holds by purchase under him. *Wheeler vs. McFarland*, 10 *Wend.* 318; *Stamps vs. Whittershall*, 3 *Hill R.* 576.

In this case, it seems, that in the year 1850, there was a crop of cotton, then growing in the field, which belonged to McGraw, (defendant) Hill, and Woods: one-half of which was Hill's, and the other half belonged equally to McGraw and Woods. Thus standing, and before any division of the crops, it was agreed, between the parties in interest, that Hill was to pick out the cotton, haul it to the gin, and pay himself for picking and hauling the cotton, and then divide it, keeping for himself one-half, giving one-fourth to Wood, and the other was McGraw's. McGraw being in debt to Robinson, agreed to let him have his interest in the cotton; provided, he would give as much for it as any one else. Hill was present when the contract between McGraw and Robinson was made, and agreed to let Robinson have the interest of McGraw, upon the terms above mentioned. Some six months after this, Robinson paid McGraw for the cotton, three dollars per hundred: does not recollect how much was paid; of which, however, Hill had no information.

Hill gathered the crop, threw it up in a pile, no division had been made, nor was this cotton separated from Hill's own cotton. The cotton was then not all gathered—6000 pounds in the pen, and about 1000 still in the field unpicked.

Hill claimed, at the time the officer came to replevy the cotton, that he was to be paid for picking and hauling it. No division was made, nor was there any demand prior to the commencement of the suit. The officer seized upon 1500 lbs. of the cotton in obedience to his writ.

It is also in proof, that Hill had, previously to that time, been garnisheed by a judgment creditor of McGraw's, to answer with regard to this cotton.

Under this state of case, it is manifestly clear, that Robinson could not recover in this action, until a division of the crop had been made. It was the joint property of all the claimants. McGraw himself could not have recovered it in this form of action, until a division had been made; nor even then, until Hill had been paid for picking it out and hauling it. A part of the crop was still attached to the freehold, and was not subject to be replevied. And even when divided and set apart, unless in sacks, bales, or so situated as to be identified and distinguished, it is very questionable whether replevin would lie. Proof of a demand and refusal or conversion, was also necessary in this form of action. *Beebe vs. DeBaun*, 3 *Eng.* 510. The whole of the instructions asked by the defendant, although not very concisely stated, should have been given. And as there was a total want of sufficient evidence, in the several particulars enumerated, to entitle the plaintiff to recover, a new trial should have been awarded.

The judgment must therefore be reversed, and the cause remanded, with instructions to the court below to grant a new trial, and for futher procedings therein to be had, not inconsistent with the opinion herein delivered, and according to law.

Absent, Mr. Justice SCOTT.