GARRETT v. McATEE.

4-5033

Opinion delivered April 18, 1938.

*McDaniel, McCray & Crow,* for appellants.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellee.

SMITH, J. This litigation involves the right to the possession of a grain binder, which had been owned by Vander Garrett, and the controlling question in the case is the one of fact, To whom did he sell it?

The cause was submitted under instructions to which no objections are made, but it is insisted that the jury did not follow the instructions, and that the verdict returned is unsupported by the evidence.

The testimony cannot be reconciled. The question presented for our decision is whether the testimony tending to support the verdict is sufficient for that purpose.

The testimony on the part of appellee—plaintiff below—was to the effect that he and Lewis Garrett, who was his father-in-law, agreed to purchase the binder from Vander Garrett for $25, of which amount each was to pay one-half. Lewis Garrett paid $5 down and the binder was delivered to him. No additional payment was made for a year or more, when Vander Garrett became insistent about the payment of the balance due. Vander Garrett testified that he sold the binder to Lewis Garrett, who made the down payment of $5, and who also paid the $20 balance due.

Appellee's testimony was to the effect that he furnished Lewis Garrett $20 to complete the payment, and that he did so with the understanding that he—appellee—should have the right to the possession of the binder until Lewis Garrett should pay him $7.50 and thus equalize the payments, making each pay $12.50. Lewis Garrett admitted receiving the $20 from appellee, but he testified it was a mere loan, and that he had offered to repay the loan, but appellee declined to receive the money, falsely

claiming that the money had been advanced for the purpose of completing the original contract to buy the binder.

Upon this issue of fact the court charged the jury that "if he (appellee) did enter into that agreement with Lewis Garrett, and Lewis Garrett agreed that it was to be the plaintiff's property until that $7.50 was paid back and that the property would be put into the possession of this plaintiff, then the plaintiff would have a right to recover, provided that Lewis Garrett owned the property and had authority to enter into such an agreement."

After appellee completed the payment as he testified he did, both parties used the binder, but appellee testified that Lewis Garrett's use of the binder was permissive and subordinate to appellee's right of possession, and that this suit was brought when Lewis Garrett refused to surrender possession. The court charged the jury that "The only thing in question here is the possession of the property."

The jury returned the following verdict: "We, the jury, find the plaintiff that he pay the defendant $5 and plaintiff gets binder."

We perceive no reason why the parties should not have made the agreement which appellee testified was made, and there is no reason why the agreement should not be given effect and be enforced. If appellee paid the $20 balance of purchase money with the understanding that he should have exclusive possession of the binder until Lewis Garrett paid him $7.50, and thus equalize the payments, and appellee's testimony was to the effect that this payment was thus made, then appellee was entitled to the possession of the binder.

Now, it is undisputed that Lewis Garrett tendered appellee, not $7.50, but $20, but this tender was not made to equalize the payments, but was made upon condition that he—Lewis Garrett—be recognized as the sole purchaser of the binder. Acceptance of this tender would have meant the relinquishment by appellee of any interest in the binder under what he testified was the original contract of purchase. This he was not required to do if he and Lewis Garrett had purchased the binder jointly,

and the tender made was not, therefore, sufficient to deprive appellee of the right to the sole possession of the binder. The jury found the issue of fact in appellee's favor, and upon this finding he was entitled to have the possession of the binder without repaying the $5 purchase money which Lewis Garrett had advanced. The jury found that this was the equity of the case, and appellee does not complain of the imposition that he pay $5 as a condition upon which he might recover possession.

The statute (§ 11386, Pope's Digest) provides that in actions for the recovery of specific personal property, the jury must assess the value of the property, and also the damages for its taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property. But no objection appears to have been made to the form of the verdict.

Replevin is a possessory action, and to entitle one to maintain it he must be entitled to the immediate possession. Ordinarily, one joint owner cannot maintain that action against the other, for the reason that neither is entitled to the sole possession to the exclusion of the other. *Person v. Wright,* 35 Ark. 169; *Titsworth v. Frauenthal,* 52 Ark. 254, 12 S. W. 498. But here, while appellee and Lewis Garrett were joint owners, the testimony on the part of appellee is that it was agreed that upon payment of the $20 to Vander Garrett he—appellee—should have the exclusive possession of the binder until Lewis Garrett had paid him $7.50 necessary to equalize the payments. If this be true, as the jury has found, then appellee was entitled to the exclusive possession of the binder until the $7.50 payment had been made.

At § 52 of the chapter on Replevin in 54 C. J., p. 441, the law is stated as follows: "To enable one to maintain an action of replevin, his right to the possession must be exclusive. Therefore, as a general rule, where a personal chattel is owned by several persons, one part owner cannot maintain replevin for it. All the owners must unite in the action, for the reason that all joint owners, unless there is an agreement to the contrary, by reason of which plaintiff has a right to possession against the

other part owners, are equally entitled to the possession of the property, and neither has the right to the immediate and exclusive possession of the same as against the other.''

Here, as has been stated, there was an agreement to the contrary to the effect that appellee should have the exclusive possession and right of possession under the conditions stated.

The judgment appears to be correct, and it is, therefore, affirmed.