SMITH *v.* CHECKER CAB COMPANY.

4-7516                                    184 S. W. 2d 901

Opinion delivered January 29, 1945.

*O. H. Sumpter,* for appellant.

*C. A. Stanfield,* for appellee.

SMITH, J.   The Checker Cab Company brought suit in replevin against appellants to recover possession of an automobile used as a taxicab.   The complaint and the affidavit accompanying it contained all the allegations

required by the statute to maintain a suit of this character.

Appellants, who operate a garage, and repair cars, filed several motions praying that relief be denied the Cab Company, all of which were overruled. The sufficiency of the bond was challenged, and it was prayed that the order of delivery be quashed. The court permitted the plaintiff to deposit with the sheriff the sum of $500, in cash, by way of strengthening the bond.

Answer was filed, in which it was alleged that the car had been wrecked, and was brought to defendants to be repaired, and that they agreed to make the repairs for $550, to which sum was added, by agreement, $14.36, to cover additional work not originally agreed upon. Defendants testified that they made the repairs as agreed, and that they have the lien claimed in their answer, to secure payment for their work, and they filed a motion that the court fix the bond provided for by § 8831, Pope's Digest, to the end that they might sell the car in satisfaction of the lien.

The plaintiff denied that the repairs contracted for had been made, and the cause was submitted to the jury on this issue.

One of the instructions reads as follows: "The defendants, for their answer, allege that they hold that car on account of a lien which they have for services rendered under a contract between them and the Packard Cab Company for certain repairs which they have performed on this car. The question for the jury to determine in this case is how much, if any amount, the plaintiff owes the defendants for work performed under the contract in repairing plaintiff's car."

The jury returned a verdict in favor of defendants for the sum of $350. Upon this issue it may be said that the testimony as to the value of the repairs is in irreconcilable conflict, but there is substantial and sufficient testimony to support the finding that they were worth not more than the sum fixed by the verdict of the jury.

Upon this verdict judgment was rendered for the sum of $350 and costs, and from that judgment is this appeal. The judgment contains no order as to the disposition of the car.

In our opinion, replevin did not lie in this case. The statute (§ 8822, Pope's Digest) gives automobile repairmen, among others, a lien on the product of their labor, for the value of their services.

The defendants, in their capacity as repairmen, performed labor which the jury has found was of the value of $350, and the statute gives the lien to secure its payment, and this law entitles the mechanic or repairman to retain possession of the car in the repair of which services had been rendered, until these services had been paid for.

In the chapter on Replevin, 23 R. C. L., p. 867, it is said: "It has long been a settled rule of the common law that goods deposited with a tradesman or artisan for manufacture or repair are subject, for the work done on them, to a specific lien and replevin cannot be maintained for such manufactured materials until payment or tender of the charges."

Here there was neither allegation nor proof that any sum had ever been tendered in payment of the repairs. Appellee says, however, that the $500 deposited with the sheriff should be treated as a tender, but we do not think so. It was not paid to the sheriff for that purpose, but was paid to strengthen the bond upon which an order of delivery might issue. Defendants had no right, prior to the trial, to demand that this money, or any part of it, be paid them, and it cannot, therefore, be treated as an offer to pay defendants charges.

Our reports are replete with cases holding that replevin is a possessory action, and that it is essential to the right to maintain it that there be a present right to immediate possession, lacking which the action cannot be maintained.

It was held in the early case of *Beebe* v. *DeBaun*, 8 Ark. 510, that it was not sufficient to prove that the

plaintiff had a legal title to the property, but he must also show that he was entitled to the possession, and that the defendant unlawfully detained it.

In the somewhat later case of *Hill* v. *Robinson,* 16 Ark. 90, it was held that replevin did not lie ". . . Where the defendant in possession has a lien upon the property, as where a warehouse-man has commissions for storage, or a mechanic for repairs. Until these be paid, not even the original owner of the property could remove them, much less one who holds by purchase under him."

Among later cases holding that to maintain an action of replevin one must have the right to immediate possession is the case of *Garrett* v. *McAtee,* 195 Ark. 1123, 115 S. W. 2d 1092.

It follows that the judgment must be reversed, but without prejudice to the right to maintain another action, if and when the bill for repairs has been paid or tendered.