KERN-LIMERICK, INC. *v.* EMERSON.

4-8785                                              218 S. W. 2d 78

Opinion delivered March 7, 1949.

*Barber, Henry & Thurman* and *Limerick & Paul,* for appellant.

*Elmer S. Tackett,* for appellee.

MINOR W. MILLWEE, J. Appellant, Kern-Limerick, Inc., is engaged in the sale and repair of tractors in the City of Little Rock, Arkansas. On June 9, 1947, Roy Mathews of Mt. Ida, Montgomery county, Arkansas, left his tractor with appellant for repairs. Except for installation of a cover for the motor, which appellant did not have in stock, the repairs were completed on June 14, 1947, when Mathews was permitted to take the tractor back to Mt. Ida without paying for the repairs.

On July 9, 1947, Mathews sold and delivered the tractor to appellee, Floyd Emerson, at Hot Springs, Garland county, Arkansas, for $3,000. On or about the same date appellant shipped the motor cover to Mathews, but this part was never placed on the tractor.

An attorney representing appellant went to Mt. Ida on September 20, 1947, to collect the delinquent repair bill from Mathews. He was unable to locate either Mathews or the tractor and filed an itemized account of the repairs with the circuit clerk of Montgomery county. On the same date he learned of the sale of the tractor to appellee and went to Hot Springs where he demanded payment of the repair bill by appellee. Upon appellee's refusal to pay the account, counsel filed a lien for repairs and a suit against Mathews and appellee in the Garland Circuit Court to enforce the lien. The case was transferred to chancery court by agreement of the parties and consolidated with a similar suit filed in that court by appellant. No service was had upon Mathews who had left the state.

Appellee filed his separate answer which contained a general denial and the further plea that he was a *bona fide* purchaser for value of the tractor without notice of any claim, interest or lien of the appellant. Trial resulted in a decree dismissing the complaint for want of equity on the ground that appellee was an innocent purchaser of the tractor and this appeal follows.

The only question presented is whether the trial court erred in holding that appellee was a *bona fide* purchaser of the tractor without notice, actual or constructive, of the lien claimed by appellant. The statute (Ark. Stats., 1947, §§ 51-405 to 51-412) authorizes the repairman to retain possession of the repaired article and, if necessary, to sell same in satisfaction of the debt. *Smith* v. *Checker Cab Co.*, 208 Ark. 99, 184 S. W. 2d 901. If the repairman voluntarily parts with possession of the repaired property, he may still preserve the lien by filing his claim with the circuit clerk within 90 days after performance of the work or furnishing materials as provided in § 51-409. But such lien is inferior to the rights of an innocent purchaser who acquires title to the property before the lien is filed and without actual notice of the existence of the claim for repairs. Section 51-412 provides: "The lien herein provided for shall take precedence over and be superior to any mortgage or other obligation attaching against said property in all cases where the holder of such mortgage or other obligation shall permit such property to remain in the possession and be used by the person owing and bound for the amount thereof; provided, that the lien herein provided for shall be subject to the lien of a vendor of automobiles, trucks, tractors and all other motor propelling conveyances retaining title therein, for any claim for balance of purchase money due thereon; *provided, further, that said lien shall not take precedence over a bona fide purchaser for value of any such automobile, truck, tractor and other motor propelled conveyance without notice either actual or constructive.*" (Italics supplied.)

Appellant did not file its lien until approximately two and one-half months after purchase of the tractor by appellee. The latter, therefore, had no constructive notice of appellant's claim. Nor is there any evidence that appellee had actual notice of the claim of appellant at the time of the sale.

Appellee denied that he had any notice of the outstanding repair bill and testified that Mathews assured him at the time of the sale that there was "not a dime"

against the tractor. He also stated there was nothing in the condition of the tractor indicating that it had been recently repaired; and that he paid appellant approximately $1,500 for further repair of the tractor before it could be used. There was some contradiction in appellee's testimony on cross-examination as to whether closer inspection of the tractor would have revealed the making of the repairs. Appellee's testimony was corroborated by that of Henry Breshears, an experienced tractor operator, who observed and tried out the tractor for appellee and was present when the negotiations between Mathews and appellee took place.

Counsel for appellant testified that when he advised appellee of appellant's claim, appellee said that Mathews told him at the time of the sale that appellant had repaired the tractor, but that the bill had been paid. This was denied by both appellee and Breshears. There was other testimony that counsel for appellant admitted to appellee and his counsel that he had evidence that appellee had notice of the repairs at the time suit was filed.

It is argued that appellee knew that appellant had repaired the tractor at the time of the purchase and that such knowledge was sufficient to put a reasonably prudent person on inquiry as to whether the repair bill had been paid. Cases are cited which hold that where a person has sufficient information to put him on inquiry, he shall be charged with knowledge of what the inquiry would disclose. These cases involve the liens of materialmen and laborers upon lands and improvements under Ark. Stats. (1947) § 51-601. The priority section of the materialmen's lien statute (§ 51-605) does not contain the exception in favor of a *bona fide* purchaser without "actual or constructive" notice of the lien as does the statute here involved. As previously indicated, it is undisputed here that appellee had no actual knowledge of the claim of appellant and the testimony is in sharp dispute as to whether he knew or should have known that the tractor had been recently repaired.

The chancellor's finding that appellee had neither actual nor constructive notice of the claim and lien of

appellant at the time he purchased the tractor is not against the preponderance of the evidence.

Affirmed.