Pat AKINS *v.* Charles B. PIERCE et al

77-245                                     563 S.W. 2d 406

Opinion delivered March 6, 1978
(Division I)
[Rehearing denied April 17, 1978.]

*Autrey, Weisenberger, Lingo & Johnson,* by: *LeRoy Autrey* and *Donald W. Lingo,* for appellant.

*Smith, Stroud, McClerkin, Conway & Dunn,* by: *Charles A. Morgan,* for appellees.

GEORGE ROSE SMITH, Justice. This action in replevin was brought by the appellees, Pierce and Pierce Film Productions, to recover possession of a 1971 model Ferrari car, a vehicle of very substantial value. The action was eventually dismissed by the plaintiffs as to all the defendants except the appellant Akins. During the pendency of the case in the trial court, there were a great many pleadings, hearings, and court orders. This appeal is from two or more interlocutory orders finding the appellant to be in contempt of court and from a final judgment awarding the appellees possession of the car, double damages totaling $40,000, and an attorney's fee. Various points for reversal are presented.

The facts material to the cause of action are pertinent as background information. Before the suit arose Akins, the defendant, may have had possession of the car in California, where he resides. Pierce had or obtained possession of the car and took it to his home in Miller county, Arkansas. Akins employed an automobile-retriever company, Alert Recovery, which took possession of the car without legal proceedings and brought it to Pulaski county.

In October, 1975, Pierce filed this suit in Miller county to replevy the car. He alleged that he owned it and that Akins and the automobile-retrieval people had wrongfully taken it. He also alleged that he had sold another car to Akins, executing the title papers in blank, and that Akins had acquired paper title to the Ferrari by fraudulently filling in the title papers to indicate that Pierce had sold the Ferrari to Akins. Akins denied the allegations of the complaint, asserting that he had bought the Ferrari from Pierce.

The appellant first argues that the complaint did not state a cause of action in replevin. That argument cannot be sustained. Replevin is a possessory action, it being incumbent on the plaintiff to show that he is entitled to immediate possession of the chattel in question. *Garrett v. McAtee,* 195 Ark. 1123, 115 S.W. 2d 1092 (1938). Here the complaint alleged that the defendants had wrongfully taken the car from the plaintiffs. It makes no difference that Akins may have had a certificate of title under the California motor vehicle registration laws. We have held that such a certificate is not title it-

self but only evidence of title. *Robinson* v. *Martin,* 231 Ark. 43, 328 S.W. 2d 260 (1959). The law of California is not shown to be different from our own. Unquestionably the plaintiffs could assert title to the Ferrari by pleading facts showing that Akins's ostensible title was invalid.

Second, it is argued that the court should have granted Akins a continuance, because his health prevented him from coming to Arkansas for the trial. The court did grant a temporary continuance to allow Akins to appear before a disinterested doctor in California and be examined. The court was justified in concluding that Akins evaded the appointment that had been arranged and in fact had no intention of ever submitting himself to the jurisdiction of the court. There was no abuse of discretion in the court's denial of a further continuance.

Third, it is argued that Akins's request for a jury trial should have been granted. Here the record is difficult to follow. The court's memorandum opinion recites that a jury trial had been waived. It is indicated elsewhere that the case had been set several times for non-jury trial, which may have been the basis for the finding of a waiver. There is also an indication that a local rule of procedure, duly filed with the clerk of this court, had not been complied with by the defendant in his request for a jury trial. The procedure specified in Rule 4 of the Uniform Rules for Circuit and Chancery Courts (Ark. Stat. Ann., Vol. 3A, Supp. 1977, p. 170) is clearly directory only and therefore would not invalidate a reasonable local rule not directly contrary to it. Finally, it is impossible to say from the record that the trial court ruled upon the motion. Counsel have not cited any such ruling, nor have we been able to find one. Of course counsel must, to lay a foundation for appellate review, present a motion to the trial judge and obtain a ruling upon it. *Flake* v. *Thompson,* 249 Ark. 713, 460 S.W. 2d 789 (1970). Here we are unable to say that counsel actually obtained a ruling upon the motion.

Fourth, and the principal point, the award of $40,000 double damages and of an attorney's fee is challenged. The record sustains the award as far as single damages of $20,000 are concerned. Soon after the suit was filed the plaintiffs ex-

ecuted a surety bond and obtained an order authorizing the sheriff of the county in which the car was located to take possession of the car. The order was not actually delivered to the sheriff of Pulaski county, where the car was, but there is no doubt that the attorney who then represented Akins knew about the order. In spite of the order Akins's counsel, in the mistaken view that the California certificate of title was unassailable, arranged for the car to be returned to California. That was done at Akins's demand (as indicated at page 491 of the record). Thus the plaintiffs made a prima facie case by showing that the Ferrari had been wrongfully removed to California and had been returned in a damaged condition. That prima facie case was not contested. There was substantial evidence showing that the car was worth $30,000 before it was damaged and $2,500 afterwards.

The award of double damages and of an attorney's fee, however, cannot be sustained. In making those awards the trial court cited the provisions of § 6 of Act 144 of 1973. Ark. Stat. Ann. § 34-2124 (Supp. 1977). That section is primarily a criminal law which makes it a misdemeanor, punishable by a fine and imprisonment, for any person, in a possessory action such as this one, to "wilfully and knowingly" damage the property, to remove it from the jurisdiction with intent to defeat an order of delivery, or to do other acts not now pertinent. The state also provides for an attorney's fee. The trial judge relied upon the statute in awarding double damages and an attorney's fee.

Those awards cannot be upheld. Section 34-2124 is criminal in nature except for the final clause, which allows a civil award to the plaintiff of "double the amount of damage done to the property," plus an attorney's fee. As a penal law the section must be strictly construed. The reference to double damages and attorney's fees can refer back only to the initial prohibition of willful and knowing damage to the property, because there is no language whatever indicating that double damages are to be allowed for the other acts made criminal by the section. Here there is no proof, nor even any suggestion, of willful and knowing damage to the Ferrari. Hence the award of damages in excess of $20,000 and the award of the attorney's fee must be set aside.

Lastly, the appellant challenges the finding that he was in contempt of court (for which the court did not actually reach the point of assessing a penalty). There is really more than one reason why we cannot sustain the conviction for contempt, but it will suffice to note that the court relied solely upon its finding that Akins had committed a misdemeanor, in violation of § 34-2124, *supra,* by removing the Ferrari from the state. Akins's commission of a criminal offense, for which he had not been charged by information or indictment, was not in itself a basis for a finding that he was in contempt of court. There is no showing that he ever received, or even knew about, the order directing the sheriff to take possession of the car. We realize that this point is perhaps moot, since the court did not impose any punishment and may not be in a position to do so, Akins still being in California; but we have thought it fair to set the question at rest, lest the possibility of future punishment be left hanging in the air.

With the indicated modifications the judgment is affirmed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.