In re Abner SCOTT, Jr. and Nettie Scott, Debtors.

Abner SCOTT, Jr. and Nettie Scott, Plaintiffs,

v.

Jerry BECKER d/b/a J & S Automotive, Defendant.

Bankruptcy No. LR 88–522 F. Adv. No. 88–103.

United States Bankruptcy Court, E.D. Arkansas, W.D.

June 24, 1988.

Aaron Fuller, Little Rock, Ark., for debtors Abner Scott, Jr. and Nettie Scott.

Lesly Mattingly, Jacksonville, Ark., for Jerry Becker d/b/a J & S Automotive.

A.L. Tenney, North Little Rock, Ark., trustee.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Before the Court is the Complaint for Turnover and Avoidance of Statutory Lien filed by the debtors, Abner Scott, Jr. and Nettie Scott, against the defendant, Jerry Beckham [Becker][1] d/b/a J & S Automotive in the above adversary proceeding. The defendant, Beckham, filed an answer denying the debtors' turnover claim and the statutory lien avoidance claim. The matter was set for trial on April 25, 1988. At that time, the parties informed the Court that the turnover claim had been settled and the defendant had agreed to turn over the debtors' 1981 Lincoln Towncar to the debtors. Because the statutory lien avoidance claim was not settled, trial

of that matter was set for May 31, 1988. At the May 31, 1988 trial, the parties agreed to stipulate to the pertinent facts and submit legal briefs regarding whether the statutory lien of the defendant, Beckham, may be avoided pursuant to 11 U.S.C. § 545(2).

### Jurisdiction

This Court has jurisdiction over this adversary proceeding as a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(A) and (K) and may enter findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### Findings of Fact

The parties submitted the following stipulations which the Court adopts as its findings of fact.

1. That on or about 11–7–87, the defendant, Jerry Beckham, d/b/a J & S Automotive, commenced repair work on a 1981 Lincoln Towncar owned by the plaintiff, Nettie Scott, which was subject to a purchase money lien held by Taylor's Used Cars and reflected on the face of Arkansas Certificate of Title No. 8719031196. Said Arkansas Certificate of Title shows on its face that the owner of said vehicle is the plaintiff, Nettie B. Scott.

2. That the defendant completed the repair work on said vehicle on or about 11–14–87; and, when plaintiff failed to pay the repair bill and pick up the vehicle, the defendant commenced charging storage on 11–16–87.

3. That as a result of plaintiff's failure to pay for the repairs to said vehicle, the defendant filed a cause of action under the provisions of A.C.A. § 18–45–201, etc., in Pulaski County, Arkansas, on 2–24–88, seeking to recover the repair bill and storage, to determine the priority of liens between defendant and Taylor's Used Cars, and to sell said vehicle to the highest bidder in satisfaction of any judgment obtained by the defendant. Defendant obtained service

---

1. Apparently, at the time the complaint was filed, the debtors erroneously called Jerry Beckham "Jerry Becker." Jerry Beckham answered the complaint and has appeared without objection by either party.

of summons on Taylor's Used Cars, but was unable to obtain service of summons on the plaintiff. Defendant filed no other documents with the Circuit Clerk of Pulaski County, Arkansas.

4. That on March 14, 1988, plaintiffs filed a Chapter 13 bankruptcy petition in this Court and filed notice of such action in the Pulaski County proceedings between defendant, plaintiff, Nettie Scott and Taylor's Used Cars, on or about April 5, 1988.

5. That on or about March 24, 1988, plaintiff filed an adversary proceeding in this cause of action entitled "Complaint for Turnover and Avoidance of Statutory Lien," which resulted in an Agreed Order being entered herein on May 5, 1988, turning over the 1981 Lincoln Towncar to the plaintiff, Nettie Scott; and continuing the further issue of "Avoidance of Statutory Lien" to a later date.

### Conclusions of Law

In filing the complaint to avoid statutory lien, the debtors are exercising their right to avoid a statutory lien under 11 U.S.C. § 522(h).[2] The debtors contend that the statutory lien of Beckham may be avoided under 11 U.S.C. § 545(2) because the lien was not perfected. 11 U.S.C. § 545(2) provides:

"The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists.

11 U.S.C. § 545(2). Beckham contends that his statutory lien on the debtors' vehicle was perfected at the time of the commencement of the case by virtue of his possession of the vehicle and cannot be avoided.

■ The determination of whether a statutory lien is enforceable against a bona

fide purchaser is governed by the law of the state which created the lien. *In re Tropicana Graphics, Inc.*, 24 B.R. 381 (Bankr.C.D.Calif.1982). Beckham claims a statutory lien for repairs to and storage of the debtors' vehicle, a 1981 Lincoln Towncar, pursuant to A.C.A. § 18–45–201 (1987). A.C.A. § 18–45–201 (1987) allows an automobile repairman who performs work or furnishes parts on a vehicle to have an absolute lien upon the vehicle for the monies due from repairs or storage. Although the statutory provisions do not specify the requirements for perfection, it is apparent that the lien may be perfected in one of two ways—either by possession or by filing a notice within 120 days after the work is performed "if the lienholder has voluntarily parted with possession of any property on which he has a lien." A.C.A. §§ 18–45–201, 18–45–203 and 18–45–206 (1987).

■ At the commencement of the debtors' case, Beckham's lien was perfected by his possession of the vehicle and the lien cannot be avoided by the debtors. To avoid the lien, the debtors rely on A.C.A. § 18–45–202 which states that "[T]he [automobile repairman's lien] shall not take precedence over a bona fide purchaser for value of any automobile, ... without either actual or constructive notice" to contend that a trustee status as a bona fide purchaser is superior because no actual or constructive notice would have been provided such a purchaser. This is not the case, however. As long as the vehicle remained in the possession of Beckham, there could be no bona fide purchaser. Any potential purchaser at the commencement of the case could not have obtained the vehicle without Beckham relinquishing possession and asserting his lien.

Although no Arkansas cases directly on point were located, the rationale in *Kern–Limerick, Inc. v. Emerson*, 214 Ark. 780

---

**2.** 11 U.S.C. § 522(h) states:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if

1. such transfer is avoidable by the trustee under §§ 544, 545, 547, 548, 549 or 724(a) of this title or recoverable by the trustee under § 553 of this title; and

2. the trustee does not attempt to avoid such transfer.

218 S.W.2d 78 (1949), is consistent with this ruling. In *Kern–Limerick*, a bona fide purchaser pursuant to Ark.Stat.Ann. § 51–412 (1971) now codified at A.C.A. § 18–45–202 (1987) was allowed to defeat a repairman who had relinquished possession of a tractor on which he had asserted a statutory lien. The tractor had been sold between the time the repairman had relinquished actual possession and the time a statutory lien pursuant to Ark.Stat.Ann. § 51–409 (1971), now codified at A.C.A. § 18–45–206 (1987), had been filed. The Court emphasized that during the time that the repairman had relinquished possession but prior to filing of the statutory lien, a bona fide purchaser's rights could defeat the statutory lienholder's rights. Alternatively, *Kern–Limerick* also suggests that this could be the only period during which a bona fide purchaser could defeat the repairman's absolute lien, i.e., only when the lien was not perfected by possession or filing.[3]

In the present case, Beckham's lien is superior to a lien of a bona fide purchaser and cannot be avoided under 11 U.S.C. § 545(2) because any bona fide purchaser would have had actual notice at the time of any sales. Therefore, the debtors' complaint to avoid statutory lien of Beckham will be denied.

Greg Ferguson, Little Rock, Ark., for debtor, Vernon Rhodes.

Steve Festinger, William F. Sherman, Little Rock, Ark., for Creditor, Ernest Bowden.

---

**3.** The fact that Beckham surrendered possession of the vehicle after commencement of the case does not appear to be asserted as a reason that the statutory lien may be avoided. Even if this were an issue, the Court would find that Beckham's statutory rights were preserved since Beckham surrendered possession during the pendency of this case with the statutory lien avoidance claim being reserved for later determination.