**In re Vickie EATON, Debtor.**

**Vickie EATON, Plaintiff,**

**v.**

**RIVER CITY BODY SHOP, Defendant.**

Bankruptcy No. 97–20382M.
Adversary No. 97–2023.

United States District Court,
E.D. Arkansas,
Helena Division.

April 1, 1998.

J.F. Valley, Helena, AR, for Debtor.

David Solomon, Helena, AR, for Defendant.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

This matter is before the Court upon a complaint for turnover of a vehicle. Vickie Eaton ("Debtor") filed the complaint November 28, 1997, against River City Body Shop ("River City"), an entity in the business of automotive repair. River City's answer asserted that it had a right to possession of the automobile by virtue of its vehicle repairmen's lien.

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. The matter under consideration is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (E), & (G). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

The facts are not in dispute. The Debtor owns a 1993 Ford Probe, which was involved in a one-car accident in April 1997. The Debtor employed River City to tow her vehicle and to make certain repairs. The repairs were made in April 1997, but the Debtor did not attempt to retrieve the automobile because she was unable to pay for the completed work.

The Debtor filed a petition for relief under the provisions of chapter 13 of title 11 of the United States Bankruptcy Code on October 28, 1997, and on November 5, 1997, the Debtor demanded return of the vehicle. River City voluntarily released the vehicle to the Debtor in January 1998. Trial on the Debtor's complaint took place at Helena, Arkansas, on February 3, 1998, when counsel for the Debtor asserted that he would proceed on the damage and attorney's fee portion of the complaint because the turnover action was moot.

The Debtor testified that she was damaged $300.00 to $350.00 because River City's failure to promptly turn over the vehicle resulted in the necessity to pay others to provide the Debtor with transportation. However, the Debtor was without her car from April to January, and the evidence does not establish that the Debtor incurred the $300.00 to $350.00 in damages solely during the November to January period after she filed her bankruptcy petition but before River City relinquished the vehicle.

Further, the Debtor conceded that she had not deducted the costs she would have incurred in operating her own vehicle from the costs of transportation supplied by others. Additionally, the Debtor admitted that she had not driven the car since its return because the car was uninsured. This admission tends to negate her testimony that River City's conduct resulted in additional transportation expense because even if the car had been returned at the onset of the bankruptcy, lack of insurance precluded its legal use.

Moreover, no violation of the automatic stay occurred. A vehicle repairman is entitled to an absolute lien in a vehicle to the extent of any unpaid charges for repairs, parts, and storage on the vehicle. Ark.Code Ann. § 18–45–201 (Michie 1987). This lien is superior to the lien of a prior mortgagee if the mortgagee permits the property to remain in the possession of or be used by the mortgagor. Ark.Code Ann. § 18–45–202 (Michie 1987). Perfection of the lien may be by possession or by filing a notice within 120 days after the work is performed. *Scott v. Becker (In re Scott)*, 88 B.R. 196, (Bankr.

E.D.Ark.1988) (*citing* Ark.Code Ann. §§ 18–45–201, –203, –206 (Michie 1987)).

Under the bankruptcy code, a trustee's rights and powers are subject to any applicable law providing for perfection of a property interest to be effective against an entity that acquired rights in the property before the date of the action to perfect or continue perfection. 11 U.S.C. § 546(b)(1)(B) (1994). To the extent that a trustee's rights and powers are subject to the type of perfection described in section 546(b), the automatic stay does not prohibit any act to perfect, maintain, or continue such perfection. 11 U.S.C. § 362(b)(3) (1994).

In the instant case, River City acquired an absolute lien in the vehicle to the extent of its expenses for repair and storage of the Debtor's automobile. This lien was perfected by possession of the vehicle and remained in effect when the Debtor filed for bankruptcy. The state statute providing for lien perfection despite certain types of pre-existing encumbrances on the property qualifies as the type of generally applicable law referred to by section 546(b), which makes the trustee subject to the perfection of such a lien. Because the trustee's rights are subject to River City's lien under section 546(b), section 362(b) provides that the automatic stay does not prohibit the continuation of such perfection through possession of the vehicle by River City.

Because the automatic stay does not apply to the type of statutory lien provided automobile repairmen by section 18–45–201, the Debtor is not entitled to damages or attorney's fees as provided in 11 U.S.C. § 362(h).

IT IS SO ORDERED.