# WILLIAM U. M. HARRINGTON AND ANOTHER v. AUGUST LINKERT AND OTHERS.[1]

November 25, 1938.

No. 31,732.

*A. M. Joyce,* for appellant.

*Thomas J. McDermott, G. T. McDermott,* and *Reuben G. Thoreen,* for respondent.

LORING, JUSTICE.

In an action for ejectment and for damages, for withholding possession, and for wilful trespass and the cutting down and re-

[1]Reported in 282 N. W. 461.

moval of trees from a tract of land containing 8.63 acres in Dakota county, the plaintiff, William U. M. Harrington, had a verdict for possession of the property, $30 for withholding possession, and $400 for the timber removed from the premises. From an order denying the defendant George Linkert's motion for judgment or a new trial, defendant has appealed to this court.

Lot 2, in section 8, township 115, north of range 19 west of the fifth principal meridian, except the north two rods thereof lying westerly of the Dodd Road, so called, according to the government survey thereof, the land involved in this lawsuit, was originally registered under the provisions of 2 Mason Minn. St. 1927, c. 65, § 8247, *et seq.*, in the name of James Schoonmaker by decree of the district court. At that time one Herman Burow was the owner of the land adjacent to lot 2, which land is now owned by defendant George Linkert. He (Burow) consented to the registration of lot 2 in the name of Schoonmaker. William U. M. Harrington, who will hereinafter be referred to as the plaintiff, is the successor to the registered title of James Schoonmaker. Plaintiff Harrington owns land which lies to the north of it. At the request of the parties, the county surveyor in November, 1936, located the corners of lot 2 and placed the south boundary of the lot approximately 150 feet south of a fence which is located along the south side of an east and west road which lies along the northerly boundary line. Notwithstanding this survey during the winter of 1936-1937, George Linkert, who had ordered plaintiff off lot 2, cut and removed the timber here involved from that lot.

The plaintiff was a purchaser in good faith and for a valuable consideration, and the trial court charged the jury that he was the owner of and entitled to the immediate possession of the land described in the certificate of title. The appellant takes exception to the charge in this regard and contends that the certificate of title is subject to attack and that at the time it was obtained Linkert for more than 15 years had been in adverse possession of the land from which he took the trees. However, the certificate of title is not subject to collateral attack and is subject only to such en-

cumbrances or adverse claims as are specifically mentioned in 2 Mason Minn. St. 1927, § 8271.

"A decree registering title is somewhat more conclusive and better protected from attack or opening up than an ordinary judgment. The decree shall forever quiet the title and be forever conclusive upon all persons named in the summons or proceeded against as parties unknown, and shall not be opened or vacated except as provided in the registration law. It is expressly provided that no decree or registration shall be adjudged invalid or set aside unless the action to set it aside be commenced within six months from the entry of such decree. 2 Mason Minn. St. 1927, §§ 8268, 8274. Section 8272 of the statutes grants a period of 60 days after a decree is filed for anyone not joined in the proceeding and having no notice thereof to apply to be permitted to answer and to have the decree reopened. Section 8273 provides that anyone acquiring an interest in the property pending the registration proceeding and before the decree of registration is entered 'shall at once appear and answer' therein. It seems clear that the registration statute intends that a decree thereunder shall be final and not subject to attack after six months from the entry thereof in all ordinary cases." Lamprey v. American Hoist & Derrick Co. 197 Minn. 112, 121, 266 N. W. 434, 439.

In Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7, cited by appellant, an attack was made in one registration proceeding upon the certificate in another and previous proceeding relating to adjoining and conflicting property interests, and it was held that the previous certificate was not binding upon the applicants in the later proceeding because they were known parties who were not brought into the first proceeding. In the case at bar Linkert is the successor in interest to Burow, who as owner of the property now owned by Linkert and which adjoins lot two on the south consented to the registration of the title to lot 2 in Schoonmaker, who is Harrington's predecessor in interest. Consequently Linkert is not in a position to attack collaterally or otherwise the certificate of title.

There is sufficient evidence in the record to show that George Linkert knew there was a claim by Harrington of title to lot two and that before he took the timber a survey had been arranged for and the county surveyor had staked the corners and lines. There was sufficient evidence, in our opinion, to sustain the jury's findings that after such knowledge of Harrington's title he went upon the premises and cut the timber for which the jury assessed the damages against him. The defendant cut down and hauled away 225 white and red oak trees. There being some evidence of value upon which the jury might base their verdict, the trial court must be sustained.

Order affirmed.