**UNITED STATES of America,**
Plaintiff,

v.

Kenneth S. RYAN, Minnesota Federal Savings and Loan Association, Ralph D. Peltz, Edward C. Engdahl and the City of St. Paul, Defendants.

**Civ. A. No. 2400.**

United States District Court
D. Minnesota, Third Division.

Sept. 29, 1954.

2

George T. Rita, Sp. Asst. to the Atty. Gen., and George E. MacKinnon, U. S. Atty. for State of Minnesota, St. Paul, Minn., for plaintiff.

John B. Burke, of Scott, Burke & Scott, St. Paul, Minn., for defendant Minnesota Federal Savings & Loan Ass'n.

Moritz J. Blomquist, of Randall, Smith, Blomquist & Krawetz, St. Paul, Minn., for defendants Ralph D. Peltz and Edward C. Engdahl.

BELL, District Judge.

This suit involves real estate registered under the Torrens System of land registration in Minnesota. It is to establish and enforce certain liens and claims, for the foreclosure thereof and to obtain a judgment and decree of this Court that the defendants Ralph D. Peltz and Edward C. Engdahl purchased the real estate subject to the lien claimed by the United States.

**4**

Answers were interposed on behalf of the defendants Minnesota Federal Savings and Loan Association, Peltz and Engdahl. Defendants Kenneth S. Ryan and the City of St. Paul are in default for failure to answer or otherwise appear in the action. The plaintiff and answering defendants filed motions for a summary judgment.

■ A stipulation of the facts was made by the plaintiff and the answering defendants and it follows that there can be no error in this case in entering summary judgment. Rule 56(b), Fed.Rules of Civil Procedure, 28 U.S.C.A.; Elgin, J. & E. Ry. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886.

The only issues remaining for determination by the Court involve questions of law. The ultimate issue can be resolved into a single question. Does plaintiff have a lien against the property?

It is the claim of the defendants that the plaintiff, in the first instance, did not take proper steps to perfect a lien as required by the laws of the United States and the State of Minnesota, and that, because of its failure properly to file notice of its alleged lien, the plaintiff did not acquire a lien against the property. It is also the claim of the defendants that by virtue of the foreclosure of the prior mortgage held by Minnesota Federal Savings and Loan Association, followed by a decree of the State District Court directing the issuance of a new certificate of title, the plaintiff has lost its right to perfect a claim of lien and is estopped from asserting any interest in the property.

Plaintiff contends that the filing of a notice of tax lien, by name only, in the office of the register of deeds was sufficient to create a lien against property registered under the Torrens System.

As this action involves the title to property registered under the Torrens System of land registration, adopted by the State of Minnesota in 1901, Chapter 237, Laws of Minnesota 1901, and amendments thereof, now Chapter 508, Minnesota Statutes Annotated, a brief history of the Torrens System and its purpose is deemed necessary and in order.

The Torrens System, so called, is a result of an idea and the work of Sir Robert Richard Torrens, born in Ireland in 1814, educated in Trinity College, Dublin, collector of customs at Adelaide in 1841, and afterwards the first premier of South Australia. His idea was to apply the principles of registration of ownership in ships under the English law known as the "Merchants Shipping Act" to registration of title to lands. That is, to have land ownership conclusively evidenced by certificate and thereby made determinable and transferable quickly, cheaply and safely.

The idea gained favor in Australia, resulting in the framing of what became known as the Torrens Act and the adoption of the system in practically all Australia not later than 1870.

The Torrens Law, as originally drafted, has been greatly modified in the statutes enacted in the United States, but the salient feature of registration by certificate has been retained, and the law is usually referred to as the Torrens Law wherever statutes providing for registration of title to land have been enacted in this country. Statutes embodying the basic principles of the Torrens System of land registration by certificate have been enacted in nineteen states of the United States.

■■ The registration of the title to property results in the transferring of a title from the recording act system to the certificate system, provided by the Torrens Law, by a judicial proceeding in the nature of a suit to quiet title against all persons, both known and unknown, who could by any possibility assert an adverse interest. In the State of Minnesota the registration of titles is under the jurisdiction of the District Court. The original registration, and all subsequent involuntary transfers of title, is accomplished by obtaining a decree of the Court followed by the issuance of a certificate of title thereunder.

"The official certificate will always show the state of the title and the person in whom it is vested. The basic principle of the system is the registration of the title to the land, instead of registering, as under the old system, the evidence of such title." In re Bickel, 301 Ill. 484, 134 N.E. 76, 80.

 In the case of an involuntary transfer, such as a mortgage foreclosure, there is a radical difference from the procedure which applies to a voluntary transfer in that the registrar cannot, upon the filing with him of documents purporting to make an involuntary transfer, recognize any such transfer unless and until he receives an order of court directing the action which he shall take. These orders are all based upon a final adjudication determining the rights of all parties involved. The conclusiveness of the certificate is based upon an order or decree of court and upon statutes of limitation, M.S.A. §§ 508.26 and 508.28. It is clearly evident that, when a certificate of title has been issued by the registrar of titles pursuant to a decree of the District Court the decree is binding upon the entire world, subject only to the right of appeal allowed for a period of six months by M.S.A. § 508.28.

 The purpose of the Torrens Law is to establish an indefeasible title free from any and all rights or claims not registered with the registrar of titles, with certain exceptions not important here, M.S.A. § 508.25, to the end that anyone may deal with such property with the assurance that the only rights or claims of which he need take notice are those registered. The law was framed to accomplish that purpose, and it establishes rules in respect to registered land which differ widely from those which apply in case of unregistered land. It provides that the holder of a certificate of title to registered land "shall hold the same free from all encumbrances and adverse claims," excepting only those noted on the last certificate of title.

At the outset it should be pointed out that under 26 U.S.C.A. § 3672, as amended in 1942, it is provided that a federal tax lien shall not be valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice thereof has been filed by the Collector. The pertinent part of this section is:

"a. Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) * * * In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory".

 The State of Minnesota has by statute authorized the filing of such notices, and the laws of the State of Minnesota must be complied with if a valid lien is to be obtained in any case. Because the property involved in this action is registered property, the laws of the State of Minnesota which deal with registered property have application and are controlling here.

M.S.A. § 272.48, provides as follows:

"The filing and recording in the office of the register of deeds of any county in this state of notices of liens for taxes due the United States and discharges and releases of such liens is hereby authorized."

M.S.A. § 508.48, provides as follows:

"Every conveyance, lien, attachment, order, decree, or judgment, or other instrument or proceeding, which would affect the title to unregistered land under existing laws, if recorded, or filed with the register of deeds, shall, in like manner, affect the title to registered land if filed and registered with the registrar in the county where the real estate is situated, and shall be notice to all persons from the time of such registering or filing."

M.S.A. § 508.64, provides as follows:

"Attachments and *liens of every description* upon registered land shall be continued, reduced, discharged, and dissolved by any method sufficient therefor in the case of unregistered land. All certificates, writings, or other instruments permitted *or required* by law to be filed or recorded to give effect to the enforcement, continuance, reduction, discharge, or dissolution of attachments *or other liens* upon unregistered land or to give notice of the same, shall, *in the case of like liens* upon registered land, be filed with the registrar."

M.S.A. § 508.30, provides as follows:

"Registers of deeds shall be the registrars of titles in their respective counties."

■ The form of certificate of title prescribed by M.S.A. § 508.25, contains six exceptions. The plaintiff contends that one of the exceptions applies to the issue involved herein. That exception reads as follows:

"(1) Liens, claims, or rights arising or existing under the laws or the constitution of the United States, which this state cannot require to appear of record".

However, the claim of lien involved in this action is not such a lien or claim, in that 26 U.S.C.A. § 3672, provides a method by which the State may require that it be made a matter of local record and if this is not done a federal tax lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor, namely not unless nor until notice thereof has been filed by the collector in accordance with the laws of the State.

■ Under said statutes, M.S.A. §§ 508.48 and 508.64, in order to effect the registration by memorial upon a certificate of title the lien instrument must designate the land affected by the lien or claim of lien, such as is possible in the case of mechanics' lien claims and judgment entries creating specific liens on described real estate, or the party filing a claim of general lien, such as a personal judgment, or a federal tax lien, must designate the land upon which it is claimed so that the registrar may know the certificate of title upon which it can be memorialized. The mere filing of a notice, by debtor's name only, in the office of the register of deeds cannot, and does not, create a lien on registered land. It is plainly evident to this Court that the liens authorized by M.S.A. § 272.48, to be filed with the register of deeds, must, in the case of registered property, be filed with the register of deeds in his capacity as registrar of titles, and to be effective, they must be noted as memorials on the certificate of title covering the specific parcel of registered land intended to be affected by such filing, M.S.A. §§ 508.48 and 508.64.

■ The office of the register of deeds, in Minnesota, is made up of two component parts. The office of the register of deeds as originally created by Chapter 21, Sec. 1, Laws of Minnesota, 1849, which has to do with the recording of all instruments affecting unregistered property, and the office of the registrar of titles created by Chapter 237, Laws of Minnesota 1901, which is part and parcel of the original office, but which office has special functions to perform in connection with property registered under the Torrens System. It must be remembered that the register of deeds is by statute, M.S.A. § 508.30, the registrar of titles in his county. When a statute authorizes the recordation of an instrument in the office of the register of deeds it can only be interpreted as meaning that as to all properties unregistered the recording can be accomplished by simply filing the document with the register of deeds in his capacity as such, but if the property is registered, it must be filed with the register of deeds in his capacity as registrar of titles, and to effect a lien thereby, the instrument must be noted as a memorial on the specific certificate of title outstanding for the property intended to be affected, otherwise the filing of the instrument does not create a lien. The method of filing documents intended

to affect registered property was, by statute, made definite and certain. No new or separate office was created for the handling of instruments affecting registered property. The Laws of 1901 simply created a new branch in the office of the register of deeds and established certain specific requirements with reference to registered properties. The register of deeds assumed additional duties, and certain additional requirements for the filing of instruments affecting registered property were enacted into law. Since 1901 the register of deeds has been functioning both as register of deeds and as registrar of titles.

 In 1949, the legislature of the State of Minnesota in providing for the recording of federal tax liens in the office of the register of deeds, made it necessary, in order to obtain a valid lien against registered property, that the notice be filed as required by M.S.A. §§ 272.48, 508.48 and 508.64. This is because the conformity act of the State of Minnesota in relation to federal statute 26 U.S.C.A. § 3672, insofar as it concerned registered land, was embraced in these three separate sections of the state code. For the purpose of embodying the conformity act into one section, the 1953 Legislature enacted Chapter 488, Laws 1953, which amended the original M.S.A. § 272.48, by adding thereto the pertinent portions of said Sections 508.48 and 508.-64, as follows:

" * * *, or together with a written statement containing a description of each parcel of land upon which the lien is claimed and a proper reference to the certificate or certificates of title to such land, in the office of the registrar of titles, * * *."

 An identical situation is presented in Minnesota in connection with old age assistance liens. M.S.A. § 256.-26, provided, subd. 5, for the filing of these liens in the office of the register of deeds. In 1953, by Chapter 487, the Legislature amended this section in a manner similar to the amendment of Sec. 272.48. In 1939 the Attorney General

of Minnesota in his opinion, No. 250, Report of the Attorney General, had concluded that purchasers of registered land are not bound by the recordation of the lien statement filed, by name only, with the register of deeds.

The same situation exists with reference to the Minnesota Statutes dealing with mechanics' liens, M.S.A. §§ 514.08 and 514.12. These sections mention filing the lien notice in the office of the register of deeds. Nevertheless as to registered property the filing would be of no value unless the lien statement was filed with the registrar of titles and noted as a memorial on the certificate of title. For this Court to arrive at any other conclusion would render the state statutes dealing with registered property meaningless.

That the foregoing use of M.S.A. §§ 508.48 and 508.64 is proper and necessary in construing M.S.A. § 272.48 is emphasized in the words of the court in United States v. Beaver Run Coal Co., 3 Cir., 99 F.2d 610, 613, as follows:

"If an apparently unambiguous statute contains hidden ambiguities, or if a literal construction would clearly defeat the object intended by Congress, or if a literal construction would result in absurdities so gross 'as to shock the general moral sense', then the courts may be entitled to depart from the strict wording in order to give the statute a reasonable construction".

Plaintiff contends that "Minnesota cannot require the United States to memorialize notice of federal tax lien on a certificate of title", and that, "it can do no more than designate in what office the notice of lien shall be filed". As hereinbefore pointed out Minnesota has designated the office in which the notice shall be filed, and, by virtue of the statutory procedure relative to the operation of that office in respect to registered titles, the notice must contain a description of the land on which the lien is claimed, and the only method for filing it is by memorializing it on the certificate of title.

The same situation exists in the State of Michigan in respect to its unregistered titles.[1] A Michigan statute was held to be constitutional which required that notice of federal tax lien to be effective must contain a description of the land upon which the lien is claimed. In Youngblood v. United States, 6 Cir., 141 F.2d 912, 914, the notice of lien filed did not contain a description of the property and the Court held that the filing of the notice did not create a lien. The Court said:

"A state's right to safeguard muniments of title to land within its borders should not be lightly denied upon a strained assumption that Congress meant to impeach that right. The amendment contained in the Revenue Act of 1942 evidences no change of attitude on the part of Congress in its recognition of the right of a state to regulate the filing of federal tax lien notices. Under the existing enactment the notice must be filed in an office authorized by the state; or, if no such office has been designated, then in the office of the United States District Court Clerk. Michigan has designated an office, that of the register of deeds; but has not authorized the filing of the notice in the form presented by the collector. In the lien notice under present consideration, an essential ingredient to conform to the state law is missing. The land is not described. Mere inconvenience to federal tax officials in procuring and filing descriptions of land owned by delinquent taxpayers supplies no sound basis for the issuance of peremptory writ of mandamus by a federal court, directing a state ministerial officer to violate his obvious duty of compliance with the state law under which he acts.

"We adhere to the view, plainly indicated in our approval of the opinion of District Judge Raymond in the case of United States v. Mani-

aci [D.C., 36 F.Supp. 293], that there is nothing unreasonable in the requirement of the Michigan statute that a lien notice shall contain a description of the property upon which the lien is claimed, in order to enable such lien to affect the rights of third parties; and that confusion commonly resulting from indices of the names of persons is avoided and reasonable certainty attained by identifying the land upon which the lien is claimed."

Where the government fails to file a tax lien as required by statute, it is not a valid lien. See Miners Savings Bank v. Joyce, 3 Cir., 97 F.2d 973, see also, 174 A.L.R. 1388.

In the case of United States v. Hutcherson, 8 Cir., 188 F.2d 326, 330, in holding that the government did not have a lien against the property involved, the Court said:

"We are invited to depart from this rule of property in Missouri because the existence of the rule and its application to tax liens may make the collection of delinquent tax claims more difficult. We do not conceive it to be an appropriate exercise of the power and authority of a federal court to strike down a rule of property, not repugnant to any law of the United States, long established in the state, and upon which many valuable property rights are based."

And the Court in Warburton v. White, 176 U.S. 484, 20 S.Ct. 404, 409, 44 L.Ed. 555, said:

"Where state decisions have interpreted state laws governing real property or controlling relations which are essentially of a domestic and state nature, in other words, where the state decisions establish a rule of property, this court when called upon to interpret the state law will, if it is possible to do so, in the discharge of its duty, adopt and follow the settled rule of construc-

1. Torrens System not in effect in Michigan.

tion affixed by the state court of last resort to the statutes of the state, and thus conform to the rule of property within the state."

In Tyler v. United States, 281 U.S. 497, loc.cit. 501, 50 S.Ct. 356, loc.cit. 358, 74 L.Ed. 991, the above is reiterated in the following language:

"The decisions of the courts of Maryland and Pennsylvania follow the common law, and are in accord in respect of the character and incidents of tenancy by the entirety. * * * These decisions establish a state rule of property, by which, of course, this court is bound."

See also, Schwarz v. United States, 4 Cir., 191 F.2d 618.

 The Supreme Court of the State of Minnesota has taken a very definite stand in upholding the validity of titles registered under the Torrens System, and in particular with reference to the necessity for filing notices of claim of lien with the registrar of titles.

"A memorial of a mortgage, lien, or other charge against registered land, entered by the registrar of titles upon the original certificate of title in his office and upon the owner's duplicate, becomes a part of the certificate of title and is made conclusive evidence of the matters therein contained". Horgan v. Sargent, 182 Minn. 100, 233 N.W. 866.

"Unregistered deeds or contracts do not affect Torrens titles nor create any interest in land. The Torrens Law intends that all titles registered thereunder shall be free from all unregistered rights or claims except those specifically named * * *.

"The purpose of the Torrens Law is to establish an indefeasible title free from any and all rights or claims not registered with the registrar of titles, with certain unimportant exceptions, to the end that any one may deal with such property with the assurance that the only rights or claims of which he need take notice are those so registered. The law was framed to accomplish that purpose; and it establishes rules in respect to registered land which differ widely from those which apply in the case of unregistered land. It provides that the holder of a certificate of title to registered land 'shall hold the same free from all incumbrances, and adverse claims, excepting only' those noted on the last certificate of title and certain other specified rights or claims not important here. * * *

"Torrens Law abrogates doctrine of constructive notice, except as to matters noted on certificate". In re Juran, 178 Minn. 55, 226 N.W. 201. See also, Cook v. Luettich, 191 Minn. 6, 252 N.W. 649, and Carl v. DeToffol, 223 Minn. 24, 25 N.W.2d 479.

In State ex rel. Douglas v. Westfall, 85 Minn. 437, 89 N.W. 175, 176, 57 L. R.A. 297, the Court held that the Laws 1901, c. 237, providing for the Torrens System of registering land titles, is not unconstitutional in that it is special legislation; nor that it deprives the owner of his interest in land without due process of law, in violation of both state and federal constitutions. In this case the Court said:

"Any person who has any interest in the land, and who has not actually been served or notified of the filing of the application, may at any time within 60 days from the entry of such decree appear, and file his sworn answer, providing no innocent purchaser for value has acquired an interest. If there is any such purchaser, the decree of registration remains in full force forever, subject only to the right of appeal, * * *. Every person receiving a certificate of title and every subsequent purchaser in good faith takes the same free from all incumbrances, except such as are noted thereon."

In Kane v. State, 237 Minn. 261, 55 N.W.2d 333, 337, the Court held that a purchaser was not bound by restrictions

which were not noted on the certificate of title. The Court said:

"The question before us is whether a good-faith purchaser, for value, of registered land obtains such land free and clear of a restrictive covenant or encumbrance which is not referred to in the certificate of title under the memorial of estates, easements, or charges on the land described. In other words, must a purchaser of registered land, in addition to being charged with notice of estates, mortgages, liens, charges, and interests noted on the previous owner's certificate of title, also go directly to the plat to ascertain whether there may be any other restrictive covenants or encumbrances noted on the plat which are not shown on the certificate of title? Under § 508.25, it is our opinion that he is not required to do so. It seems to us that if we were to hold otherwise, under the facts and circumstances of the instant case, it would tend to create confusion which would jeopardize the stability and purpose of the Torrens law. The manifest purpose of the Torrens system, as stated in 3 Devlin, Real Estate, Deeds (3 ed.) § 1439, is— 'first, to secure by a decree of court, or other similar proceeding, a title which will be impregnable against any attack, and, when this title is once determined, to provide that all subsequent transfers, encumbrances, or proceedings affecting the title shall be placed on a page of the register and marked on the memorial of title. A purchaser may accept this memorial as truly stating the title, and may disregard any claim not so appearing.' "

■ The United States is not exempt from the provisions of the state statutes. The laws of the United States definitely provide that the tax lien here asserted will not become a valid lien unless notice thereof is filed as by state law prescribed. A state law affecting the title to property must be followed, and is binding upon the United States. See Custer v. McCutcheon, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239.

■ It is clearly evident that the Supreme Court of the State of Minnesota regards a Torrens title as an indefeasible title, good as against any and all unregistered claims, and that the only instruments which can possibly affect a registered title are those which are filed with the registrar of titles and noted as memorials on the certificate of title. The state laws definitely require the filing of all notices of claim or contract with the registrar. The state decisions support the statutes. Plaintiff did not file its notice of lien as required by the laws of the United States and of the State of Minnesota and therefore does not have a lien against the property involved in this action.

■ At any time, however, up to the time of the foreclosure of the prior mortgage held by Minnesota Federal Savings and Loan Association, the plaintiff could have perfected its lien by filing the notice as by statute required. The foreclosure of the mortgage and the expiration of the period of redemption has now precluded plaintiff from so doing. The mortgage contained a power of sale. Under the laws of the State of Minnesota, a mortgage containing a power of sale may be foreclosed by advertisement. There is nothing in the United States Code which precludes a foreclosure by advertisement. 28 U.S.C.A. § 2410 provides that in any action to foreclose a mortgage the United States *may* be joined as a party defendant. But there is nothing in this section, or in any section of the United States Code, which prohibits a foreclosure under a power of sale or which provides that the United States will not be bound thereby. The Minnesota Federal Savings and Loan Association was entitled to foreclose by advertisement, and the plaintiff, and all other parties interested in the property, is bound by the foreclosure. This exact question was before the Court in the case of Trust Co. of Texas v. United States, D.C., 3 F.Supp. 683, and the Court held

that a mortgage foreclosure under power of sale extinguishes not only the rights of the owner in the property sold, but all subsequent and inferior liens thereon, *including the lien of the United States*. Therefore, in the instant case, the foreclosure divested the interest of the registered owner, Kenneth Ryan, and the rights of all parties claiming under or through him, including the plaintiff herein.

The decree of the State District Court entered June 6, 1951, directing the registrar to cancel the then outstanding certificate of title and to issue a new certificate showing Minnesota Federal Savings and Loan Association to be the fee owner of the property, subject only to the contract to Peltz and Engdahl, operates as an estoppel at law, and plaintiff, for this additional reason, cannot now claim any interest in the property. No appeal was taken within six months from the date thereof and this decree cannot now be set aside. In the absence of fraud a decree in a registration proceeding binds the entire world.

M.S.A. § 508.22 provides for the entering of a decree of registration if, after a hearing, the court finds the applicant has a title proper for registration, and that the decree shall forever quiet the title and be forever binding upon all persons.

M.S.A. § 508.26 provides that any person upon whom the summons has not been actually served, and who had no notice or knowledge of the filing of the application, may at any time within 60 days after the entry of such decree, and not afterwards, file a petition setting forth such facts and praying for leave to file his answer therein.

M.S.A. § 508.28 provides that no action or proceeding for the recovery of any right, title, interest, or estate in registered land, adverse to the title established by a decree of registration, shall be maintained unless such action is commenced within six months from the date of such decree.

M.S.A. § 508.57 provides that mortgages upon registered land may be foreclosed in the same manner as mortgages upon unregistered land, except that in the case of mortgages upon registered land a notice of the pendency of any suit or proceeding to enforce or foreclose the mortgage shall be filed with the registrar at the time of or prior to the commencement of such action or proceeding. In the instant case, Minnesota Federal Savings and Loan Association filed a notice of foreclosure at the time the proceedings were commenced.

M.S.A. § 508.58 provides that any person who has become the owner of registered land by foreclosure of a mortgage or other lien may have his title registered by applying to the Court for a new certificate of title.

Pursuant to the above sections of the state code, Minnesota Federal Savings and Loan Association petitioned for and received a new certificate of title. The decree directing the issuance of this certificate, dated June 6, 1951, cannot now be attacked by plaintiff. In Lamprey v. American Hoist & Derrick Co., 197 Minn. 112, 266 N.W. 434, 439, the Court said:

"It is expressly provided that no decree or registration shall be adjudged invalid or set aside unless the action to set it aside be commenced within six months from the entry of such decree. * * * The plaintiffs contend that, under Mason's Minn.St.1927, § 9405 [M.S.A. § 548.14], they had an absolute right to bring the action at any time within three years after discovery of the fraud claimed. That section is not a part of the title registration statute. It provides that an action to set aside a judgment obtained in a court of record on the ground of perjury or fraud may be set aside in an action for that purpose brought within three years after discovery of such perjury or fraud. That statute was enacted and in force long before there was any registration of title law, Chapter 131, L.1877. If it had been intended that this statute should apply to decrees registering

title under the registration law, first adopted in 1901 then the registration law (section 8274 [now 508.28, M.S.A.—supplied]) would seem to serve no useful purpose. The registration act is a complete law covering the proceeding, the relief to be had, and the effect of the decree entered thereunder. Containing within itself a specific statute of limitation, we are not permitted to look to some prior statute for a different period of limitation."

In Harrington v. Linkert, 203 Minn. 575, 282 N.W. 461, 462, the Court said:

" 'A decree registering title is somewhat more conclusive and better protected from attack or opening up than an ordinary judgment. The decree shall forever quiet the title and be forever conclusive upon all persons named in the summons or proceeded against as parties unknown, and shall not be opened or vacated except as provided in the registration law. It is expressly provided that no decree of registration shall be adjudged invalid or set aside unless the action to set it aside be commenced within six months from the entry of such decree.' "

In Murphy v. Borgen, 148 Minn. 375, 182 N.W. 449, 450, an attempt was made to vacate a decree of registration after the time for answering had expired. The Court in denying the relief prayed for said:

"If the statute were construed to grant that authority to the court, the finality of the decree, the fundamental basis as well as the capstone of the Torrens system of perfecting land titles would disappear, for just what a court may do to the Torrens judgment on application addressed to its equitable powers will find a limit only in the ingenuity of counsel in searching for and devising methods of attack.

"Section 6895 [now 508.28, M.S.A. —supplied] of the act is one of limitations, and cannot be construed as in effect granting the relief which under section 6889 [now 508.22 M. S.A.—supplied] in express language withholds."

The Supreme Court of the State of Minnesota has very definitely decided that a Torrens title is an indefeasible title; that it is good as against the entire world; that a decree in an original proceeding or in a proceeding subsequent, cannot be attacked after six months have elapsed; that the owner of a certificate of title, or a purchaser of registered property, need not go behind the certificate to ascertain if there are any claims which do not appear upon the certificate; that the property can be purchased in full reliance upon the certificate of title; and that, unless a lien or claim is noted as a memorial on the certificate, it is not a lien against the registered interest of the owner. These decisions establish a rule of property by which this Court is bound.

For more than fifty years the people of the State of Minnesota have been buying and selling properties registered under the Torrens System with full and complete reliance upon the certificate of title and in the firm belief that the certificate of title disclosed the true nature of the status of the title, and that they were amply and fully protected under the laws of the State of Minnesota. A judgment in this action, in favor of the plaintiff, having as it does a claim of lien which was not filed in accordance with the laws of the State of Minnesota, and which claim of lien was never at any time filed with the registrar of titles and noted as a memorial on the certificate of title, would completely defeat what has been a permanent rule of property in Minnesota for more than half a century.

To sustain the Torrens System of registration in Minnesota will not burden the United States. It could have established a lien on the land involved by merely following the plain and simple requirements of the applicable federal and state statutes. This it did not do.

The Court, therefore, concludes that the defendants Minnesota Federal Savings and Loan Association, Ralph D.

Peltz and Edward C. Engdahl are entitled to a summary judgment of dismissal, and that the motion of the plaintiff for a summary judgment should be denied. It is so ordered.