UNITED STATES of America, Appellant,

v.

Erick R. RASMUSON and Oscar Rasmuson, d/b/a Rasmuson Bros., Appellees.

No. 15718.

United States Court of Appeals Eighth Circuit.

April 1, 1958.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., George E. MacKinnon, U. S. Atty., and Kenneth G. Owens, Asst. U. S. Atty., St. Paul, Minn., with him on the brief), for appellant.

Rodger L. Nordbye, Minneapolis, Minn., filed brief for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

JOHNSEN, Circuit Judge.

The Government has appealed from a holding of the District Court, that a Notice of Tax Lien, against Louis Stockwell, filed by the Collector of Internal Revenue, in the office of the Register of Deeds of Hennepin County, Minnesota, under amended § 3672(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3672(a) (1), was invalid as against appellees, judgment creditors of Stockwell.

Sections 3670 and 3671 of the 1939 Code, 26 U.S.C.A. §§ 3670, 3671 give the Government a lien upon all property of a taxpayer for any taxes not paid on demand, from the time that the assessment list is received by the Collector.

Amended § 3672(a) (1), as here pertinent, provides, however, that "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—(1) * * * In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; * * * ". 56 Stat. 957.

In conformity to this right of designation, the Minnesota statutes had at the time involved granted authorization for filing notices of federal tax liens in that State as follows: "The filing and recording in the office of the register of deeds of any county in this state of notices of liens for taxes due the United States and discharges and releases of such liens is hereby authorized". Minn.St.Ann. § 272.48.

The property of Stockwell against which the Government claimed that its lien notice was operative was a piece of real estate located in Hennepin County, Minnesota.

The Collector had made filing of the notice on December 2, 1952, in the office of the Register of Deeds of Hennepin County. The notice was in general terms, asserting the existence of a lien in favor of the Government against all property of Stockwell for unpaid taxes in a certain amount. It was without any description of the real estate that is involved.

Appellees' judgment against Stockwell was recovered subsequent to December 2, 1952. It had been duly docketed, and was made the subject of a Notice of Claim of Lien by appellees, describing the particular property, and filed in the office of the Register of Deeds on March 26, 1953.

The Minnesota statutes contain provision for an optional Torrens system of title registration as to real estate. See Torrens Act, Ch. 508, Minn.St.Ann. The property that is involved had been so registered. A special records system is prescribed as to such lands, but, under the Act, "Registers of deeds shall be the

registrars of titles in their respective counties". M.S.A. § 508.30.

■ The trial judge held that the Government's notice of lien was without validity, because it did not contain a description of the real estate and so was not entitled under the Torrens statutes to be noted by the Register of Deeds or Registrar as a memorial against the title on the registry for the property.

This holding followed a previous one by another judge of the same court, in United States v. Ryan, D.C.Minn., 124 F.Supp. 1, where it had been declared that, because of the prescriptions governing the memorializing of Torrens titles, "The mere filing of a notice, by debtor's name only, in the office of the register of deeds cannot, and does not, create a lien on registered land". 124 F.Supp. at page 6.

■ But the question involved is not one of how to create a lien under Minnesota law. Sections 3670 and 3671 of the 1939 Code establish a federal lien "upon all property and rights to property, whether real or personal," belonging to a taxpayer, at the time that an assessment list against him is received by the Collector. On this language, a Torrens-title property, no less than anything else belonging to a taxpayer, is made subject to such a lien as against the taxpayer, without regard to the requirements of the Minnesota statutes for memorializing.

"Such lien" is, however, by § 3672, not allowed operativeness against a mortgagee, pledgee, purchaser, or judgment creditor, "until notice thereof has been filed by the collector", in the office in which the state law has "authorized the filing of such notice". M.S.A. § 272.48, above quoted, has granted authority for the "filing and recording in the office of the register of deeds * * * of notices of liens for taxes due the United States * * *".

■ Thus, filing of federal notices of liens in the offices of Registers of Deeds in Minnesota was authorized, and filing of the notice here involved in that office was made. The operativeness of the instrument as notice upon such filing would derive from § 3672 of the 1939 Code and not from state law. This aspect is emphasized by the alternate provision of subparagraph (a) (2) of § 3672 that, "whenever the State or Territory has not by law authorized the filing of such notice in an office within the State or Territory", notice of the federal lien may be given to mortgagees, pledgees, purchasers, or judgment creditors by the filing of such notice in the office of the Clerk of the United States District Court for the district in which the property is situated.

Hence, the efficacy of a filed notice of lien is in no way dependent upon state law, unless it can be said that Congress, in allowing a State, as a matter of local benefit or convenience, to make designation of a particular office for the filing of such notices, intended thereby to permit each State also to make prescriptions as to the form and content of the notice which the Government was filing.

■ There is nothing in the language of § 3672, it seems to us, from which any such congressional intention can be inferred. And the legislative history out of which § 3672 has emerged points directly to the contrary.

The first action taken by Congress in the field of allowing the States, if they so desired, to designate a local office for the filing of federal notices of tax liens was by the Act of March 4, 1913, Ch. 166, 37 Stat. 1016, which was virtually identical in its language to amended § 3672 of the 1939 Code, except that it required the designation made to be of the States' offices of registrar or recorder of deeds.

In the Revenue Act of 1928, Ch. 852, 45 Stat. 791, 875, the prescription for the designation of a specific local office was removed and the language was broadened to provide for federal filing, "In accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice".

This broadened language was held, in United States v. Maniaci, D.C.W.D.Mich.,

36 F.Supp. 293, to have extended the right of a State, not merely to a naming of the particular office in which it might desire to have such federal notices filed, but also to an imposing of such conditions as it might see fit to require, in the way of form or content for such notices.

Thereafter, and doubtless because of the holding of this decision, Congress, by the Revenue Act of 1942, Ch. 619, 56 Stat. 798, 957, eliminated from the statute the words "In accordance with the law of the State", and provided simply for the filing of notice "In the office in which the filing of such notice is authorized by the law of the State or Territory * * * whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory".

In the House Report on this legislative measure, it was indicated that the purpose of the provision, under the language used, was to make it sufficient for such a notice to be filed in the place authorized by the State, "without regard to other general requirements with respect to recording prescribed by the law" of the State. H.Rep. No. 2333, 77th Cong., 2d Sess., p. 173.

Similarly, the Senate Committee Report noted that the provision in the bill was declaratory of the position which had been consistently taken by the Treasury Department, that the States were entitled merely to designate "the local office for the filing of the notice of the lien". S.Rep. No. 1631, 77th Cong., 2d Sess., p. 248.

Nor is it without significance, we think, that in the Int.Rev.Code of 1954, § 6323, 26 U.S.C.A. § 6323, the language of § 3672, Code of 1939, has been retained, but that, in order to prevent it and its intent from being made the subject of any further misconstruction, such as in the Ryan case and in this case, Congress has added a subsection containing this specific declaration: "If the notice filed pursuant to subsection (a) (1) is in such form as would be valid if filed with the clerk of the United States district court pursuant to subsection (a) (2), such no-tice shall be valid notwithstanding any law of the State or Territory regarding the form or content of a notice of lien".

On the basis of all of the foregoing, we believe that the trial court clearly erred in its construction of the language and intent of § 3672, notwithstanding the support lent to such view by United States v. Ryan, D.C.Minn., 124 F.Supp. 1, and by Youngblood v. United States, 6 Cir., 141 F.2d 912.

It ought perhaps to be added that the trial judge, while following the Ryan and Youngblood cases, indicated that, except for these decisions, his inclination would be to hold that Congress had intended by the language of § 3672 merely to allow the States to designate an appropriate office for filing tax lien notices, and not to authorize them to make any prescription as to the form or content of such notices.

Reversed and remanded.