**In re O. S. WILLIAMS, Jr., and Donnal Joanne Williams, Bankrupts.**

**Bankruptcy Nos. 77–579–P, 77–580–P.**

United States Bankruptcy Court, E. D. California.

Dec. 15, 1981.

Charles S. Painter, Law Offices of Thomas W. Martin, Sacramento, Cal., for bankrupts.

Julian G. Macias, Asst. U. S. Atty., Sacramento, Cal., for U. S. Internal Revenue Service.

Warren Jones, Sacramento, Cal., trustee, in pro. per.

## MEMORANDUM OPINION

LOREN S. DAHL, Bankruptcy Judge.

O. W. WILLIAMS and DONNAL JOANNE WILLIAMS filed voluntary petitions in bankruptcy under the Bankruptcy Act on March 9, 1977. On August 15, 1977, the bankrupts were discharged without objection.

On August 22, 1977, the Internal Revenue Service (IRS) filed a proof of claim in the amount of $69,525.20 for unpaid taxes and pre-petition interest. The amount of this claim was computed based on an August 23, 1976, IRS assessment of the bankrupts. That assessment computed income taxes, interest and penalties for the tax years 1966 through 1971 in the sum of $80,213.66. On December 10, 1966, the IRS recorded its notice of tax lien in the Sacramento County Recorder's office and the Placer County Recorder's office.

Thereafter, the bankrupts opposed any distribution of the estate assets to the IRS prior to the removal of all federal tax liens. The trustee in bankruptcy also objected to the priority status claim of the IRS. Both the bankrupts and the trustee in bankruptcy asserted that the IRS tax lien had not been perfected against the personal property of the bankrupts. Specifically, the bankrupts alleged that the tax lien had not been perfected as against a libel cause of action which the bankrupts had purchased from the bankruptcy estate for the price of $4,000.00.

The IRS responded and asserted that its tax lien had been properly perfected against the cause of action pursuant to IRC

section 6323 and that the IRS therefore held the position of a priority lien claimant as to all assets of the bankruptcy estate in existence on the date that the bankrupts filed their voluntary petition in bankruptcy.

A hearing on the issues presented was held before this Court on June 4, 1981, and after oral arguments, written briefs were filed, and the matter was taken under submission.

## ISSUE

The issue presented to this Court is whether or not the IRS had a tax lien validly perfected as against the trustee in bankruptcy on the date that the bankrupts filed their voluntary petitions in bankruptcy.

## ANALYSIS

The parties do not dispute the fact that the underlying tax obligations are greater than three years old. Therefore, pursuant to 11 U.S.C. section 35, these underlying tax obligations were extinguished when the bankrupts were granted their discharge. The IRS therefore concedes that it has no enforceable interest in the after-acquired property of the bankrupts. However, it does claim a priority lien interest in all property of the bankrupts in existence on the date that the bankruptcy petition was filed.

The issue as to whether or not the tax lien was validly enforceable against the trustee in bankruptcy on the date that the bankrupts filed their voluntary petitions becomes decisive. If the tax lien was validly perfected, the trustee in bankruptcy may not assert his avoidance powers and the IRS is entitled to a priority lien status. If, on the other hand, the tax lien was not validly perfected against the trustee, the trustee may assert his avoidance powers and the IRS becomes relegated to the status of an unsecured creditor. The first point of contention, and the one that must necessarily resolve this dispute, is what law, whether state or federal, controls the procedure for the perfection of a federal tax lien. The bankrupts and the trustee in bankruptcy assert that state law (here, CCP § 688.1) controls the perfection of a federal tax lien in a cause of action. The bankrupts cite a list of cases which they contend provide authority for this position. A reading of these cases: *In Re Phillips Construction Co.* (7th Cir. 1978) 579 F.2d 431, *In Re J. R. Nieves and Co.* (1st Cir. 1971) 446 F.2d 188, *In Re Chesterfield Developers, Inc.* (1968) 285 F.Supp. 689, *In Re Trahan* (1968) 283 F.Supp. 620, and *In Re Higgins* (1969) 304 F.Supp. 108, discloses that each case cited involves a state lien rather than a federal lien.

The bankrupts' position is clearly contrary to the doctrine of federal preemption. In the instant case, IRC section 6321 creates the federal tax lien and IRC section 6323 prescribes the method for the perfection of that lien. The federal statutes have clearly preempted state statutes in the area of federal tax liens. The case of *United States v. Rasmuson*, 8th Cir., 253 F.2d 944, provides authority for this position. The court in *Rasmuson* stated:

"[T]he efficacy of a filed notice of lien is in no way dependent on state law, unless it can be said that Congress, in allowing a state as a matter of local convenience to make designation of a particular office for the filing of such notices, intended thereby to permit each state also to make prescription as to the form and content of notice which the government was filing.

"There is nothing in the language of section 3672, (*the predecessor statute to section 6323*) it seems to us, from which any such Congressional intent can be inferred." (Emphasized language added.)

The conclusion to be drawn from this language is that IRC section 6323 has preempted state law as to the perfection of a federal tax lien.

The next issue to be resolved is whether or not the IRS complied with the procedures prescribed by IRC section 6323. If the IRS did comply with these procedures, the tax lien has been perfected. IRC section 6323 provides in relevant part:

"(a) Purchases (Purchasers), holders of security interests, mechanics lienors and judgment lien creditors. The lien imposed by section 6321 shall not be valid as against *any purchaser*, holder of a security interest, mechanics lienor or *judgment lien creditor* until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

"(f) Place for filing notice. Form. (1) Place for filing notice. The notice referred to in subsection (a) shall be filed—

(A) Under State laws.

(i) Real property . . . .

(ii) Personal property. In the case of personal property, *whether tangible or intangible*, in one office within the state (. . .) as designated by the laws of such state, in which the property subject to the lien is situated." (Emphasis added.)

At the date when the IRS filed its notice of tax lien, California Government Code section 7200 (repealed in 1979) required that notice be filed in the Office of the County Recorder where the taxpayer resides. Although somewhat ambiguously worded, the intent of section 6323 is to provide for the perfection of a federal tax lien upon the filing of notice in the office where the state should designate. In California, where personal property is involved, this office is the Office of the County Recorder where the taxpayer resided. When the IRS filed its notices of tax lien in the County Recorder's offices of Sacramento and Placer counties, it complied with the provisions of IRC section 6323 and thereby perfected its tax lien as against the personal property of the bankrupts.

The issue remaining is whether or not this perfected tax lien is valid as against the trustee in bankruptcy. The trustee in bankruptcy may hold the status of a hypothetical judgment lien creditor under section 70(c) of the Bankruptcy Act or the status of a bona fide purchaser under section 67(c)(1)(B) of the Act. The language of section 6323 encompasses the dual status which the trustee may assert because it states that the lien shall be valid against "any purchaser" or "judgment lien creditor." This position is supported by the case of *In Re Thriftway Auto Rental Corp.* (2nd Cir. 1972) 457 F.2d 409, which held that federal tax liens, once filed, are good against a bona fide purchaser. Therefore, the IRS held a perfected tax lien which was valid as against the trustee in bankruptcy on the date that the bankrupts filed their petitions in bankruptcy.

## CONCLUSION

The IRS perfected its tax lien as against the trustee in bankruptcy by filing its notice of tax lien pursuant to IRC section 6323 in the Office of the County Recorder in Sacramento and Placer counties. Therefore, the IRS had a valid lien interest in all property of the bankrupts (including the libel cause of action) in existence on the date that the bankrupts filed their petitions in bankruptcy. The trustee cannot assert his avoidance powers as to the perfected tax liens and the IRS retains the position of a priority lien claimant in all assets of the bankruptcy estate and in the cause of action itself.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law herein. An Order Denying Bankrupts Opposition to Final Distribution prior to removal or release of tax liens by the Internal Revenue Service will be separately entered as well as an Order Overruling the Trustee's Objection to Claim No. 17 of Internal Revenue Service as a priority lien claim.