In re TROPICANA GRAPHICS, INC., a California corporation, Debtor.

TROPICANA GRAPHICS, INC., a California corporation, Debtor-in-Possession, Plaintiff,

v.

STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT and Wells Fargo Bank, Defendants.

Bankruptcy Nos. BK LA 80–08824–JD, 80–2980–JD.

United States Bankruptcy Court, C.D. California.

Nov. 2, 1982.

Danning, Gill, Gould & Joseph, Sherman Oaks, Cal., for plaintiff.

George Deukemjian, Atty. Gen., Edmond B. Mamer, Diane M. Spencer, Deputy Attys. Gen., John A. White, Jo Cheryl Leach, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

The sole issue presented in this case is one of law, that is, whether the Employment Development Department of the State of California (hereinafter "E.D.D.") had acquired, prior to the commencement of Chapter 11 proceedings by Tropicana Graphics, Inc. (hereinafter "Tropicana") a statutory lien which could not be avoided by Tropicana pursuant to 11 U.S.C. § 545, and hence was unassailable as a preference pursuant to 11 U.S.C. § 547(c)(6). For the reasons which follow, the court answers this question in the negative.

## FACTS

On May 11, 1979 E.D.D. filed a Notice of State Tax Lien against Tropicana with the California Secretary of State for unpaid taxes in the amount of $5,691.41, pursuant to Section 1703 of the California Unemployment Insurance Code. On January 2, 1980 E.D.D. filed a second Notice of State Tax Lien against Tropicana for unpaid taxes in the amount of $1,030.36; and on July 7, 1980 E.D.D. filed against Tropicana a third Notice of State Tax Lien for unpaid taxes in the amount of $5,187.57.

On August 21, 1980, pursuant to Section 1755 of the California Unemployment Insurance Code, E.D.D. served a Notice of Levy on funds of Tropicana which were on deposit with Wells Fargo Bank (hereinafter "the bank"). Said Notice of Levy listed a sum of $7,680.71 as the amount due and delinquent and pursuant to Section 1757 of the California Unemployment Insurance Code, required the bank to surrender or remit such amount to E.D.D. On October 15, 1980 the bank remitted the sum of $7,030.61 to E.D.D.

Meanwhile, on September 2, 1980 Tropicana had filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code; and on October 7, 1980 Tropicana commenced this action seeking to recover as a preferential transfer the $7,030.61 which was turned over to E.D.D. by the bank.

The facts recited above are undisputed, the case having been tried on a written stipulation of facts which establish all of the factual elements of a voidable preference.

## LEGAL ANALYSIS

Section 545 of the Bankruptcy Code, 11 U.S.C. § 545, provides in part as follows:

"§ 545. Statutory liens. The trustee may avoid the fixing of a statutory lien. on property of the debtor to the extent that such lien—

\* \* \* \* \* \*

(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;"

Under the above-quoted statutory provision, as well as under its predecessor, Section 67(c)(1)(B) of the Bankruptcy Act of 1898, as amended, the trustee may avoid the fixing of a statutory lien on the property of the debtor to the extent that such lien is not enforceable against a bona fide purchaser on the date of filing the bankruptcy petition, whether or not such purchaser exists.[1] *In Re Cummins*, 656 F.2d 1262 (9th Cir.1981); *In Re Perry*, 487 F.2d 84 (9th Cir.1973), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874; *In Re Allgeier and Dyer, Inc.*, 18 B.R. 82, 86–87 (Bkrtcy.W.D. Ky.1982); 4 Collier on Bankruptcy, 15th Ed., ¶ 545.04[2]. And the determination of whether a state statutory lien is enforceable against a bona fide purchaser is governed by the law of the state which created the

---

[1] The right of a trustee to avoid statutory liens pursuant to 11 U.S.C. § 545 may be exercised by a debtor-in-possession under Chapter 11.

11 U.S.C. § 103(a); *In Re Garden Inn Steak House, Inc.*, 22 B.R. 830, 832 (Bkrtcy.N.D.Ohio 1982).

lien. *In Re Allgeier and Dyer, Inc., supra,* at page 86; *In Re Leach,* 15 B.R. 1005, 1009 (Bkrtcy.D.Conn.1981).

■ In the view of this court, neither the notices of state tax liens nor the notice of levy filed by E.D.D. created a lien against personal property of Tropicana enforceable against a bona fide purchaser. Under California law any priority or status that taxing authorities enjoy is governed solely by statute. *In Re Cummins, supra,* at page 1264. This court has been unable to find any statute of the State of California which renders E.D.D.'s lien enforceable against a bona fide purchaser.

At relevant times here involved Section 1703(a) of the California Unemployment Insurance Code provided in part as follows: [2]

"(a) If any employing unit or other person fails to pay any amount imposed under this division at the time that it becomes due and payable, the amount thereof, including penalties and interest, together with any costs in addition thereto, shall thereupon be a perfected and enforceable state tax lien upon all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to such person and located in the state. Such lien shall not continue for more than 10 years unless recorded or filed as provided in this section."

Section 1703(c) of the California Unemployment Insurance Code provided that with "respect to personal property, whether tangible or intangible, at any time after creation of the lien pursuant to subdivision (a) the director may file a notice of state tax lien with the Secretary of State...". However, this section further provided in part as follows:

"The lien created by subdivision (a) shall not be valid as to personal property against:

\* \* \* \* \* \*

(2) Any person, other than a person liable for the tax, who acquires his interest in the property under the law of this state without knowledge of the lien or who perfects his interest in accordance with the law of this state prior to the time that the notice of state tax lien is filed with the Secretary of State;

(3) A buyer in the ordinary course of business, as defined in subdivision (9) of Section 1201 of the Uniform Commercial Code, who, under Section 9307 of such code, would take free of a security interest created by his seller;

(4) Any person, other than a person liable for the tax, who, notwithstanding the prior filing of the notice of state tax lien:

(A) Is a holder in due course of a negotiable instrument, as defined in Section 3302 of the Uniform Commercial Code;

(B) Is a holder to whom a negotiable document of title has been duly negotiated as provided in Section 7501 of the Uniform Commercial Code;

(C) Is a bona fide purchaser of a security, as defined in Section 8302 of the Uniform Commercial Code;

(D) Is a purchaser of chattel paper, as defined in Section 9105(1)(b) of the Uniform Commercial Code, or an instrument, as defined in Section 9105(1)(i) of such code, who gives new value and takes possession of it in the ordinary course of business;

(E) Is a holder of a purchase money security interest, as defined in Section 9107 of the Uniform Commercial Code;

(F) Is a collecting bank holding a security interest in items being collected, accompanying documents and proceeds, pursuant to Section 4208 of the Uniform Commercial Code;

(G) Acquires a security interest in a deposit account, as defined in Section 9105(1)(e) of the Uniform Commercial Code, or in the beneficial interest in a trust or estate;

**2.** During 1980 many provisions of the California Unemployment Insurance Code were amended effective July 1, 1981; however, the provisions quoted in this Memorandum of Decision were those in effect at the relevant times involved.

(H) Acquires any right or interest in letters of credit, advices of credit or money;

(I) Acquires without actual knowledge of the state tax lien a security interest in or a claim in or under any policy of insurance including unearned premiums;

(J) Acquires any right or interest in property subject to a certificate of title statute of another jurisdiction under the law of which indication of a security interest on the certificate of title is required as a condition of perfection of such security interest."

The above-quoted provisions would seem to make it clear that the lien created by Section 1703(a) is not enforceable as to personal property against a bona fide purchaser. Nor is there anything in Section 1755 of the California Unemployment Insurance Code, which provides for notices of levy, that indicates that service of a notice of levy renders the lien created by Section 1703(a) enforceable against a bona fide purchaser.

■ E.D.D. contends that upon its service of the Notice of Levy upon the bank, Tropicana's account in the bank became property of E.D.D. to the extent of the amount of unpaid taxes, relying upon *Phelps v. United States,* 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975) and its progeny. However, in *Phelps* the court was interpreting federal law, particularly the Internal Revenue Code; whereas as heretofore noted, California law governs the determination of whether E.D.D.'s statutory lien in this case is enforceable against a bona fide purchaser. A statutory lien under the Internal Revenue Code may be enforceable against a bona fide purchaser under circumstances that state tax liens would not. See *In Re Williams,* 16 B.R. 95 (Bkrtcy.E.D.Calif.1981); and compare *In Re Cummins, supra.*

E.D.D. also relies upon *In Re Perry, supra,* where the court said (487 F.2d at page 85):

"... In California, a recorded judgment creates a lien, good against bona fide purchasers, only upon the debtor's real property; the levy of a writ of execution is required to bind the debtor's personal property in a manner that is effective against bona fide purchases. Cal.Code Civ.Proc. § 674 (West Supp.1972); *Miller v. Bank of America,* 9 Cir., 1948, 166 F.2d 415, 417–419. Without such a levy, the lien of the judgment on personal property has no 'force, effect [or] priority' against bona fide purchasers. Thus the California definition of the lien, and particularly of its 'force, effect and priority,' makes it clear that, so far as personal property is concerned, the lien is not 'perfected or enforceable' at the date of bankruptcy as required by 11 U.S.C. § 107(c)(1)(B). The FTB could have perfected its lien by going further and issuing and levying a warrant for the collection of the tax, which has the force and effect of a writ of execution. Cal.Rev. & Tax.Code § 18907 (West 1970). This the FTB did not do."

Apparently, E.D.D. is proceeding on the premise that the Notice of Levy that it filed was equivalent to the levy of a writ of execution. The inaccuracy of this premise is made clear by Section 1785 of the California Unemployment Insurance Code which provided as follows:

"§ 1785. Warrant for enforcement of liens; directed to sheriff; effect; levy and sale

If any amount required to be paid under this division is not paid when due, the director or his authorized representative may, not later than three years after the payment became delinquent, or within 10 years after the last entry of a judgment under Article 5 of this chapter or within 10 years after the last recording or filing of a notice of state tax lien under Section 1703, issue a warrant for the enforcement of any liens and for the collection of any amount required to be paid to the state under this division. The warrant shall be directed to any sheriff, marshal or constable and shall have the same effect as a writ of execution. The warrant shall be levied and sale made pursuant to it in the same manner and with the same effect as

a levy of and a sale pursuant to a writ of execution."

Thus, the warrant procedure under Section 1785, rather than the notice of levy procedure under Section 1755, was the statutory equivalent of the levy of a writ of execution. Perhaps, as in *In Re Perry, supra,* E.D.D. "could have perfected its lien by going further and issuing and levying a warrant for the collection of the tax" (487 F.2d at page 85); however, E.D.D. did not do so.

This Memorandum of Decision contains findings of fact and conclusions of law as required by Bankruptcy Rule 752. Counsel for the plaintiff is directed to prepare, serve, and lodge an appropriate judgment.