**STATE of Minnesota, by Hubert H. HUMPHREY III its Attorney General, Petitioner, Respondent,**

v.

**SCHNEIDER–KURTH, et al., Parcel 235–Richard W. Bebel, S.P. 1982–90, 903, Appellants.**

No. C2–86–367.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Review Denied Dec. 12, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., Louis K. Robards, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Charles E. Mertensotto, Rowland & Mertensotto, St. Paul, for appellants.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

LANSING, Judge.

Richard and Mary Bebel appealed the Commissioners' award in an eminent domain proceeding because the award excluded damages for a change of grade. In a pretrial hearing the district court considered documents from the Minnesota Department of Transportation (MnDOT) and ruled that the State had previously acquired the right to change of grade by direct purchase from Frank Hruska, Bebels' predecessor in interest. Bebels and the State stipulated to the remaining issue and the value of a temporary easement, and the court entered judgment. The court denied a motion for a new trial, and Bebels appeal. We affirm.

## FACTS

In 1967 the State acquired property in Dakota County for the construction of I–35E. Frank Hruska owned a 4.5–acre residential tract on Wagon Wheel Trail in Mendota Heights an eighth of a mile east of the proposed highway. To reconstruct and elevate Wagon Wheel Trail to span the planned highway, the State acquired, by direct purchase from Hruska, .50 acres in fee and .15 acres in temporary easement. The fee taking was a 50–foot strip which runs the entire length of the 440–foot frontage on Wagon Wheel Trail. The temporary easement, which expired in 1971, included the right to construct slopes and remove materials.

The 1967 highway plans provided for raising Wagon Wheel Trail six feet at the eastern end of the property, nine feet in the center, and eleven feet at the western end. Hruska was paid $1,000 for the right to change the grade. Hruska's deed conveying the .50 acres and the easement did not refer to the change of grade.

In 1972 Bebels purchased the entire tract and in 1973 subdivided and sold the western 2.1 acres. They built a house on the remaining eastern 2.4 acres. The house is 300 feet north of Wagon Wheel Trail, and 232 feet of their property runs along Wagon Wheel Trail.

When Bebels purchased the tract the State had not begun I–35E construction or the elevation and widening of Wagon Wheel Trail. The Bebels were aware of the proposed I–35E construction. They consulted with the City of Mendota Heights, but did not consult with MnDOT. Prior to purchasing the property, they obtained a registered copy of the Torrens Certificate of Title and an attorney's title opinion. The Torrens Certificate refers to the 1967 highway acquisition and states that title is subject to all rights in public highways, pursuant to Minn.Stat. § 508.25

(1984). The attorney's title opinion gave similar advice.

The State began construction of I–35E and reconstruction of Wagon Wheel Trail in 1982. As finally constructed in October 1983, the increased elevation in front of the Bebels' property was less than planned—1.5 feet at the east; 4 feet at the center, and 8 feet at the western boundary. As part of this work, the State needed a temporary easement on the Bebels' property to connect their driveway with the elevated Wagon Wheel Trail. The State began condemnation proceedings when the Bebels refused the offer of $1,750 for the easement.

At the Commissioners' hearing the Bebels claimed they should also be compensated for damages resulting from the grade change of Wagon Wheel Trail. Bebels claim their property value has decreased by approximately $21,800 because the grade change restricted subdivision to two lots. The State countered that the grade change caused no damages because any subdivision of the property would block the existing view of a pond, lake and park, which would decrease the value of the remaining lot.

The State also argued at the Commissioners' hearing that it had already purchased the right to change of grade from Hruska in 1967. The Commissioners requested instructions from the court on whether to consider a grade change in the assessment of damages. The trial court directed the Commissioners that it could not be considered as an element of damages because the State provided just compensation through its purchase from Hruska.

The Commissioners awarded the Bebels $1,750 for the temporary easement to construct the driveway. Bebels appealed the Commissioners' award to the district court. Prior to trial a hearing was held to determine whether the damages for change of grade could be submitted to the jury. A second trial judge determined that the State had previously paid $1,000 to acquire the right to change the grade and, as a matter of law, Bebels were not entitled to

present this claim to the jury. The court relied on MnDOT records which detailed the transaction. Bebels and the State stipulated that the damages for the temporary easement were $1,750. Bebels moved for a new trial or amended findings. The judge denied the new trial and declined to amend the finding that the change of grade was not compensable.

## ISSUES

1. Did the trial court err in ruling that the grade change was not compensable because Bebels' predecessor in interest had already been paid?

2. Did the trial court err in admitting, over objections, MnDOT records?

## ANALYSIS

### I

■ Damages caused to abutting property owners by a change of street grade are compensable. *Electric Short Line Terminal Co. v. City of Minneapolis*, 242 Minn. 1, 4–5, 64 N.W.2d 149, 151–52 (1954). The State maintains that the damages for a change of grade on Wagon Wheel Trail are not recoverable because the State has already paid a previous owner for these damages and should not be obligated to pay again.

Bebels do not dispute the State's payment to Hruska, but claim the payment does not affect their rights in the property because the grade change was not recorded on the 1967 deed from Hruska (the former owner) to the State and they had no notice of the payment. Bebels claim that the State's deed from Hruska is merely a contract between those two parties which does not run with the land because registration is the only way to affect land.

Bebels rely on the language of *Mill City Heating & Air Conditioning v. Nelson*, 351 N.W.2d 362, 364 (Minn.1984), for the proposition that only claims recorded on registered land provide notice of a property right:

The purpose of the Torrens law is to establish an indefeasible title free from any and all rights or claims not registered with the registrar of titles, with certain unimportant exceptions, to the end that anyone may deal with such property with the assurance that the only rights or claims of which he need take notice are those so registered.

*Id.* (citing *In re Juran,* 178 Minn. 55, 58, 226 N.W. 201, 202 (1929)).

The language of *Mill City Heating* parallels the statutory provisions for registered land. However, the statute specifically exempts all rights in public highways:

Every person receiving a certificate of title pursuant to a decree of registration and every purchaser of registered land who receives a certificate of title in good faith and for valuable consideration shall hold it free from all encumbrances and adverse claims, excepting only the estates, mortgages, liens, charges, and interests as may be noted in the last certificate of title in the office of the registrar, and also *excepting* any of the following rights or encumbrances subsisting against it, if any:

\* \* \* \* \* \*

(4) all rights in public highways upon the land.

Minn.Stat. § 508.25(4) (1984) (emphasis added).

██ The exception for all rights in public highways is specifically referred to in *Mill City Heating* at 365. A grade change falls within the exception created for rights in public highways. *See Electric Short Line Terminal Co. v. City of Minneapolis,* 242 Minn. 1, 64 N.W.2d 149 (1954) (change of grade as lawful public improvement); *Willis v. City of Winona,* 59 Minn. 27, 60 N.W. 814 (1894) (surface changes altering the grade of a street were a proper part of street use). The fact that

the 1967 deed from Hruska to the State did not record the payment of damages for the grade change does not defeat the State's claim that the damages were previously compensated.[1]

██ Additionally, the Bebels' Torrens Certificate and attorney's title opinion both describe the property title as subject to all rights in public highways. The Bebels knew of the State's earlier acquisition of the 50–foot strip and temporary construction easement in 1967. They also knew of the planned construction of nearby I–35E when they purchased their property in 1972. They had a duty to use reasonable care, which in this case would include an inquiry to MnDOT. *See Mercantile National Bank v. Parsons,* 54 Minn. 56, 63, 55 N.W. 825, 826 (1893), in which Justice William Mitchell said:

[W]hatever is sufficient to put a person of ordinary prudence upon inquiry is constructive notice of everything to which that inquiry would presumably have led.

Had Bebels inquired, they could easily have discovered the grade plans and that the predecessor in interest, Hruska, was compensated for the grade change. Bebels checked only with the City of Mendota Heights about the I–35E construction. This was not adequate or reasonable inquiry.

## II

██ Over objections of hearsay, relevancy and privity of contract, the State introduced several documents from MnDot. These included (1) a 1967 letter from the Commissioner of Highways to Frank Hruska; (2) a 1967 letter from the MnDOT highway acquisition engineer to a bank referencing the property; (3) an option signed by Frank Hruska to MnDOT for $2,000; (4) a remittance from MnDOT to Hruska; (5) a remittance to the bank; and (6) a 1966

---

1. Minn.Stat. § 508.52 requires all interests in registered land, less than an estate in fee simple, to be registered by filing with the registrar the instrument which creates the interest. Because this opinion is decided under an exception to rights protected by title certification, and be-

cause neither party specifically raised the argument on appeal, we do not address the issue whether the right to change the grade of adjacent property is a mandatorily recordable interest.

appraisal of the Hruska property. All of these documents were identified by Richard J. Dinneen, MnDOT director of land acquisition, as public records of that agency. The court properly overruled an objection on hearsay grounds. The exhibits were public records and reports, which are excluded from the hearsay rule. *See* Minn. R.Evid. 803(8). The challenged exhibits logically tend to prove a material fact in issue—that the State did pay in 1967 for the change of grade on Wagon Wheel Trail. The exhibits were properly received.

Bebels' contention that the exhibits were excludable because they were not parties to the contract is without merit. The issue is not privity, but whether the title acquired by the Bebels in 1972 is subject to the rights the State acquired in 1967. The trial court did not abuse its discretion in admitting the exhibits at the pretrial hearing on damages.

### DECISION

The trial court's decision that the Bebels are not entitled to damages for a grade change on a road that abuts their property is affirmed.

Affirmed.