**In re Al D. KEENAN, d/b/a North Star Group, d/b/a Keenan Distributing, Debtor.**

**Dwight R.J. LINDQUIST, Plaintiff,**

v.

**Jerome M. TRUWE, Defendant.**

**Bankruptcy No. 4–86–3637.**
**Adv. No. 4–88–45.**

United States Bankruptcy Court,
D. Minnesota.

Feb. 14, 1989.

Chris C. Foy, Minneapolis, Minn., for plaintiff.

Sheridan J. Buckley, St. Paul, Minn., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

NANCY C. DREHER, Bankruptcy Judge.

This matter was scheduled for trial on October 6, 1988. At that time the parties

stipulated to the facts and agreed to submit the matter upon such stipulated facts, briefs, and oral argument held on November 16, 1988. Chris Foy appeared for the plaintiff; Sheridan Buckley appeared for the defendant. This court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334 and Local Rule 103(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Based upon the files, records, and proceedings herein, including the arguments of counsel, I make the following Findings of Fact, Conclusions of Law, and Order For Judgment.

## STIPULATED FACTS

Plaintiff, Dwight R.J. Lindquist, is the duly appointed trustee for the estate of debtor, Al D. Keenan. The real property at issue in this proceeding is registered (Torrens) property, and is situated in Hennepin County, Minnesota.

Prior to March 24, 1983, the property was held in fee simple by Hovland Associates, a Minnesota general partnership, ("Hovland"), subject to a mortgage and assignment of rents and leases held by Northwestern National Life Insurance Company. Hovland sold the property to Lyndale Partners Limited Partnership ("Lyndale") by contract for deed on March 24, 1983. The contract for deed was duly filed with the Registrar of Titles of Hennepin County on April 6, 1985. Hovland conveyed 27.126% of its interest in the property to Keenan by assignment of contract for deed and warranty deed dated March 31, 1983. Both the assignment and the warranty deed were filed with the Registrar of Titles of Hennepin County, Minnesota on October 17, 1983. Hovland also conveyed 54.252% of its interest in the property to Fidelity and Deposit Company of Maryland ("Fidelity") and 18.622% to G.L. Green, a/k/a Lynn Green ("Green"), in the same manner as above. Green filed an assignment of contract for deed and warranty deed on April 3, 1985, and refiled the warranty deed on September 19, 1986 because of confusion in the Registrar of Titles office. Fidelity filed its assignment on May 17, 1984, and the warranty deed on August 19, 1985. Fidelity also refiled its warranty deed on September 19, 1986, due to confusion with the Registrar of Titles.

Keenan conveyed his 27.126% interest in the property to Jerome M. Truwe (defendant) by warranty deed and assignment of contract for deed, both dated October 1, 1986. On or about October 1, 1986, defendant paid Keenan $80,650.00 in exchange for the 27.126% interest. As of September 30, 1986, the balance owing from Lyndale under the contract for deed was $340,445.99, and Keenan's interest of 27.126% had a value of $92,349.38.

Keenan filed for relief under chapter 11 of the Bankruptcy Code on December 4, 1986. As of that date, neither warranty deed nor assignment of contract for deed from Keenan to defendant had been filed with the Registrar of Titles of Hennepin County. On May 6, 1987, the case was converted to a chapter 7 case.

From September 1, 1986 through December 31, 1986, the property was occupied by tenants of Lyndale. Said tenants made rental payments to Schoenig Properties ("Schoenig"), which administered the property for Lyndale. Schoenig made monthly payments to Green, and Green, in turn, disbursed the funds to her co-owners, Fidelity and defendant. From October 1, 1986 through February 24, 1988, defendant received payments from Lyndale through Green totalling $22,781.06.

On February 25, 1988, Lyndale paid in full its obligations under the contract for deed. At that time the outstanding balance on the contract for deed, less the outstanding balance on the underlying first mortgage, equaled $306,887.14. After deducting state deed taxes and recording fees, 27.126% of the balance equaled $82,457.67. This amount has been placed in escrow, subject to disposition of this proceeding.

This proceeding presents the issue of whether the trustee is charged with constructive notice of defendant's unregistered interest in property so as to preclude the trustee from exercising its bona fide purchaser status under 11 U.S.C. § 544(a)(3).

## DISCUSSION

Initially the trustee asserts its bona fide purchaser status as part of the "strong arm" provisions of § 544 in its attempt to avoid the transfer of "Torrens" property from the debtor to defendant. Section 544 provides in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Before the trustee can take advantage of the avoidance powers of § 544(a)(3), this court must first determine the threshold issue of whether or not the trustee qualifies as a bona fide purchaser. This necessarily requires an interpretation of state law. "The court, under § 544(a)(3), must look to Minnesota real property law in order to determine the accoutrements of the bona fide purchaser status in this state and to determine whether a bona fide purchaser from the debtor could have avoided the conveyance...." *Beutel v. Joanis (In re Investment Sales Diversified, Inc.)*, 38 B.R. 446, 453 (Bkrtcy.D.Minn.1984).

Defendant asserts the trustee cannot be a bona fide purchaser because the property in question was in the possession of Lyndale's tenants. That possession, asserts defendant, charged the trustee with constructive notice of defendant's property interest under Minnesota law. Defendant argues that Minn.Stat. § 507, which deals with the conveyancing and recording of unregistered land, as well as decisions interpreting chapter 507, have equal application to registered land. That is defendant argues the doctrine of constructive notice

applies to registered land (Torrens) the same as it applies to unregistered land (Abstract).

According to Minnesota law the conveyance and registration of registered (Torrens) and unregistered property (Abstract) are governed, respectively, by chapters 508 and 507 of the Minnesota Statutes. Therefore, the rules which apply to registered property differ from those applicable to unregistered land. *Juran v. Fitzgerald, (In re Juran)*, 178 Minn. 55, 60, 226 N.W. 201, 202 (1929). Because the property at issue is registered, or torrens, property, Minn.Stat. § 508 is controlling. *United States v. Ryan*, 124 F.Supp. 1, 5 (D.Minn. 1954). With respect to the doctrine of constructive notice, in relation to registered property, Minnesota State as well as Federal District Courts have held that the doctrine of constructive notice is abrogated. *Juran*, 178 Minn. at 60, 226 N.W. at 202; *See Ryan*, 124 F.Supp. at 9 ("Torrens law abrogates the doctrine of constructive notice, except as to matters noted on certificate"); *Mill City Heating & Air Conditioning Co. v. Nelson*, 351 N.W.2d 362, 364 (Minn.1984). *See also State v. Schneider–Kurth*, 395 N.W.2d 136, 139 (Minn.Ct. App.), *pet. for review denied*, (Minn. Dec. 12, 1986). Further, those courts have concluded that registered land stands on a different footing than unregistered land because:

'[t]he purpose of the Torrens law is to establish an indefeasible title free from any and all rights or claims not registered with the registrar of titles, with certain unimportant exceptions, to the end that anyone may deal with such property with the assurance that only rights or claims of which he need take notice are those so registered.

*Mill City*, 351 N.W.2d at 364 (quoting *In re Juran*, 178 Minn. 55, 58, 226 N.W. 201, 202 (1929)). Therefore, defendant's argument that constructive notice as applied to abstract property, applies to Torrens property as well, is without merit.

Turning to the controlling Minnesota law, the state registration statute, Minn. Stat. § 508.25, provides that the trustee, as

a bona fide purchaser, "shall hold the [certificate of title] free from all encumbrances and adverse claims [except] as may be noted in the last certificate of title...." The statute then provides that the bona fide purchaser shall hold its certificate of title free from all encumbrances and adverse claims except for eight specific exceptions, including:

(6) The rights of any person *in possession* under deed or contract for deed from the owner of the certificate of title;

Minn.Stat. § 508.25(6) (emphasis added).

Defendant argues that, even applying § 508.25, exception (6) would serve to put the trustee on constructive notice as to the rights of the defendant, thus precluding the trustee from asserting its status as a bona fide purchaser under 11 U.S.C. § 544(a)(3).

Defendant's broad application of exception (6), however, contradicts the previous holdings of Minnesota courts in which it was determined that the doctrine of constructive notice with respect to Torrens property was abrogated. *See Horgan v. Sargent*, 182 Minn. 100, 233 N.W. 866 (1930); *In re Juran*, 178 Minn. 55, 226 N.W. 201 (1929). Those courts reasoned that "it is expected that anyone dealing with registered land need look no further than the certificate of title for any transaction that might affect the land". *Mill City*, 351 N.W.2d at 364–65. "[U]nder [Torrens Law] possession of registered land is *not* notice of any rights under an unregistered deed or contract for deed." *Juran*, 178 Minn. at 60, 226 N.W. at 202.

Defendant argues that the above holdings are not pertinent because § 508.25 exception (6) was enacted after these decisions. This argument is not persuasive for two reasons. First, there is no affirmative language from the legislature to change the existing policy of the indefeasibility of registered title; and second, there are decisions rendered after exception (6) was enacted in 1931 which continue to uphold the policy of indefeasible title. *See United States v. Ryan*, 124 F.Supp. 1 (D.Minn. 1954). Exception (6) is a narrow protection of the rights of those who are *actually in*

*possession* of the property, and in that respect exception (6) does not apply to defendant because defendant was not in possession of the property at issue. Furthermore, if I accept defendant's line of reasoning, it will undermine the legislative purpose of the Torrens Law as stated in § 508.25 and as interpreted by the courts for over 50 years.

Finally, defendant urges this court to rely on *Gallagher v. Berg (In re Forbrook Constr., Inc.)*, 474 F.Supp. 876 (D.Minn. 1979), as the controlling case on this issue. This case would have the court establish a duty on the trustee to inquire into prior conveyances when property was in the possession of tenants. *Forbrook* deals with the issue of constructive notice under § 507, as applied to unregistered property. Since the present case is not controlled by § 507, that decision is distinguishable.

Although at times the "strong arm" power of § 544 produces what seems to be inequitable or harsh results, it is not inequitable as a legal policy and to creditors generally. *Billings v. Cinnamon Ridge, Ltd. (In re Granada, Inc.)*, 92 B.R. 501, 510 (Bkrtcy.D.Utah 1988). The "strong arm" powers are designed to allow creditors to rely on record title. Creditors who extend credit in reliance on record title would be unwilling to do so if their position would be eroded by unrecorded interests. *Id. See In re Great Plains Western Ranch Co.*, 38 B.R. 899, 904–05 (Bkrtcy.C. D.Cal.1984). This court is bound to construe § 544 to further the stated policies of bankruptcy administration.

THEREFORE, IT IS HEREBY ORDERED:

1. The transfer of debtor's interest in the property to defendant is void pursuant to 11 U.S.C. § 544(a)(3).

2. Plaintiff, as trustee for debtor's bankruptcy estate, is the owner of the escrowed proceeds of the interest in the property.

LET JUDGMENT BE ENTERED ACCORDINGLY.