Brian SCANLAN, Respondent,

v.

Clayton NIELSEN, as Personal
Representative for the Estate
of Lois Nielsen, Appellant.

No. C3–96–2260.

Court of Appeals of Minnesota.

April 8, 1997.

Review Denied June 11, 1997.

Earl H. Cohen, Sholly A. Blustin, Daniel
R. Kelly, Ann M. Zewiske, Mansfield & Tan-
ick, P.A., Minneapolis, for Respondent.

Daniel B. Johnson, Meyer & Njus, P.A.,
Minneapolis, for Appellant.

Considered and decided by PARKER,
P.J., and HUSPENI and HARTEN, JJ.

## OPINION

PARKER, Judge.

Clayton Nielsen, as personal representative of the estate of Lois Nielsen, appeals from the trial court's judgment declaring respondent Brian Scanlan the owner of two parcels of registered Torrens property in Washington County, arguing that, as both parties had equal unregistered interests in the same property, Nielsen's act of registering first established the estate's ownership interest under Minn.Stat. § 508.47, subd. 1. We agree and reverse.

## FACTS

In 1988, Lois Nielsen purchased two parcels of land from Martin Haley for $10,000 and received a warranty deed and the owner's (seller's) duplicate certificate of title. For an unknown reason, Nielsen failed to record her deed or register her title at the time of sale, so the only registered interest remained that of Haley. On March 13, 1990, Haley filed for bankruptcy in New York. The property was not listed in the initial bankruptcy schedule, presumably because Haley knew he had already sold the property, and Haley's bankruptcy closed.

In early 1994, Scanlan, the sole proprietor of a real estate business, discovered that significant property taxes were owed on the property. He reviewed the Torrens records, which showed Haley as the owner. Scanlan also learned that Haley had filed for bankruptcy in New York, and he contacted the bankruptcy trustee to attempt to purchase the property. Haley's bankruptcy was reopened, and on July 20, 1995, the bankruptcy court approved the sale of "the trustee's right, title and interest in the debtor's interest" to Scanlan for $15,000. On October 16, 1995, Scanlan applied to the Washington County Registrar of Titles for an owner's duplicate certificate of title for the property. On November 1, 1995, appellant Clayton Nielsen, the personal representative of Lois Nielsen's estate, recorded the warranty deed and registered the estate as the owner of the property before Scanlan registered any interest.

When Scanlan learned of Nielsen's registration, he initiated this declaratory judgment action to determine ownership of the property. At the summary judgment hearing, Nielsen's evidence of ownership was the certificate of title he obtained on November 1, 1995. Respondent's evidence of ownership was the order of the bankruptcy court, and the trustee's conveyance dated September 1, 1995. The trial court entered judgment declaring Scanlan the owner of the property.

## ISSUE

Under Torrens law, which of two good-faith purchasers of the same registered land is the owner?

## ANALYSIS

■ Neither party alleges any issue of material fact; accordingly, we review this summary judgment to determine if the trial court misapplied the law. *See State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Because the property at issue is registered Torrens property, our decision is controlled by Minn.Stat. Ch. 508.

[E]very subsequent purchaser of registered land who receives a certificate of title in good faith and for a valuable consideration shall hold it free from all * * * adverse claims, excepting only the * * * interests as may be noted in the last certificate of title in the office of the registrar * * *.

Minn.Stat. § 508.25 (1996). "[A]nyone dealing with registered land need look no further than the certificate of title for any transaction that might affect the land." *Mill City Heating & Air Conditioning Co. v. Nelson*, 351 N.W.2d 362, 364–65 (Minn.1984). With no allegation or evidence that these transactions were anything but arm's-length, we presume that both parties were good-faith purchasers.

■ The order of the bankruptcy court authorized conveyance of "all the trustee's right, title and interest *in the debtor's interest* in certain real property in Minnesota." (Emphasis added.) Neither the trustee nor the bankruptcy court determined what that interest was. At the time the bankruptcy trustee conveyed the property, Haley was the registered owner, and the estate of Nielsen had an unregistered interest. After the

conveyance by the bankruptcy trustee, both Nielsen and Scanlan had unregistered interests.

> No voluntary instrument of conveyance purporting to convey * * * registered land * * * shall take effect as a conveyance * * * but shall operate only as a contract between the parties, and as authority to the registrar to make registration. The act of registration shall be the operative act to convey or affect the land.

Minn.Stat. § 508.47, subd. 1 (1996). Nielsen's act of registering the warranty deed was the operative act that conveyed the property to the estate of Lois Nielsen and extinguished any interest conveyed to Scanlan by the bankruptcy trustee.

■ Scanlan argues, and the district court agreed, that Nielsen's interest

> was extinguished upon commencement of the bankruptcy, at which time the trustee took all the rights and powers of the hypothetical bona fide purchaser and, subsequently, sold those rights and powers to * * * Scanlan.

We are troubled by the impact this conclusion could have on registered Torrens property. If all unregistered interests are automatically extinguished by a seller later filing for bankruptcy, the certainty of title to registered property is in question. Registration as evidence of ownership is undermined if bankruptcy can ultimately extinguish even a registered interest. This result is contrary to the certainty intended by the Torrens law and contrary to our decisions interpreting it. In *Fingerhut Corp. v. Suburban Nat'l Bank*, 460 N.W.2d 63 (Minn.App.1990), we addressed the question of whether an interest in property was effective before registration:

> The answer is, with respect to registered property, unequivocally no. That is because "the act of registration shall be the operative act to convey or affect the land."

*Id.* at 66 (quoting Minn.Stat. § 508.47, subd. 1 (1988)).

■ Scanlan argues that the district court and this court are without authority to challenge the conveyance of the bankruptcy court. However, the bankruptcy court's order conveyed only the interest of the debtor and did not define or warrant that interest. Our holding does not challenge the bankruptcy proceeding but, instead, is limited to determining the parties' ownership interests under Minnesota law. *E.g., Port Auth. of City of St. Paul v. Harstad*, 531 N.W.2d 496, 499–500 (Minn.App.1995) (recognizing that state court could not challenge bankruptcy proceeding but holding that bankruptcy court no longer had jurisdiction of contract dispute once bankruptcy case was closed), *review denied* (Minn. June 14, 1995); *accord Lindquist v. Truwe (In re Keenan)*, 96 B.R. 197, 199 (Bankr.D.Minn.1989) (bankruptcy court must look to Minnesota real property law in order to determine interests).

### DECISION

Nielsen's act of registration was determinative and conveyed the property to the estate. The district court's entry of judgment for Scanlan is reversed, and we direct that judgment be entered in favor of the estate of Lois Nielsen.

**Reversed.**